ELLIS T. HARTLEY, PLAINTIFF IN ERROR, V. JOHN P. DORR & CO., DEFENDANTS IN ERROR.

1. **Finding of Court:** NEW TRIAL. A finding of the lower court will not be set aside and a new trial granted on the ground of a want of sufficient evidence to support it unless the want is so great as to show that the finding is manifestly wrong.

2. ———: QUESTIONS OF FACT. In cases tried to the court without a jury, the finding on questions of fact is entitled to the same respect in the supreme court as would be accorded to the verdict of a jury under like circumstances. *Cheney v. Eberhardt*, 8 Neb., 423.

ERROR to the district court for Lancaster county. Action to recover $67.50 as commission on sale of a lot in city of Lincoln. Tried below before POUND, J.

*Lamb, Ricketts & Wilson,* for plaintiff in error.

*L. W. Billingsley,* for defendants in error.

REESE, J.

The only question presented in this case is, the sufficiency of the evidence to sustain the finding and judgment of the district court.

The cause was tried to the court without the intervention of a jury, and it has been held by this court that in such case the findings of the court are entitled to the same weight as a verdict of a jury, and will not be set aside on the

ground of an erroneous finding, unless it is clear that such is the case. *Seymour v. Street*, 5 Neb., 89. See also *Merrick v. Boury*, 4 Ohio State, 60. A mere difference of opinion between the court which tried the case and this court will not warrant the setting aside of the finding of the trial court and ordering a new trial, the correct rule being as stated in *Seymour v. Street, supra,* that if the verdict or finding is clearly wrong it should be set aside, otherwise not.

There is a conflict in the testimony in this case, but there is sufficient on the part of plaintiff to sustain the finding. The action was for commission alleged to be due a real estate broker, growing out of a sale of real estate. While the case is not a satisfactory one, and might have been decided otherwise, yet there is sufficient to sustain the finding of the court that Bittenbender, the purchaser, applied to Brown to ascertain if the property was for sale, and that Brown referred him to defendant in error, who was the agent of plaintiff in error, and that through the efforts of defendant in error the property was finally sold, although sold by Brown.

A new trial will not be granted by the supreme court on the ground of a want of sufficient evidence to support the finding, unless the want is so great as to show that the verdict is manifestly wrong. *Potvin v. Curran & Chase*, 13 Neb., 302.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.