JAMES ANDERSON, PLAINTIFF IN ERROR, V. WILLIAM
W. COX, DEFENDANT IN ERROR.

1. **Witnesses.** The credibility of witnesses is peculiarly a ques-
tion for a jury.

2. **Principal and Agent.** A landowner employed an agent to
sell his real estate upon commission. The agent advertised the
land at his own expense, and a neighbor seeing the advertise-
ment directed a buyer to the farm, and thereby a sale of the
land was effected. There being a dispute as to the contract be-
tween the landowner and agent, *Held*, That the sale being ef-
fected through the agent's advertisement constituted a strong
equity in his favor.

ERROR to the district court for Seward county. Tried
below before SAVIDGE, J., sitting for NORVAL, J. Cox
was plaintiff there, obtaining judgment against Anderson.

*William Leese*, for plaintiff in error, cited: *McDonald
v. Bœing*, 5 N. W. R., 441. *Charlton v. Wood*, 11 Heisk.,
19. 1 Wait's Actions and Defenses, 289.

*R. S. Norval*, for defendant in error, cited: *Chilton v.
Butler*, 1 E. D. Smith, 150. *Hanford v. Shapter*, 4 Daly,
243. *Stewart v. Mather*, 32 Wis., 344. *Potvin v. Curran*,
13 Neb., 303.

MAXWELL, J.

This is an action to recover commission for selling real
estate. The plaintiff was the owner of a farm containing
240 acres, near Seward, and employed the defendant, who
was a land agent at Seward, to sell it. There is a dispute
as to the price at which it was to be sold, the plaintiff say-
ing the price was $26 per acre, while the defendant con-
tends it was $25 per acre. The defendant advertised the
land by description in his real estate papers, and claims to

have pointed it out to a Mr. Nelson, who afterwards pur- chased it at $25 per acre.    Mr. Nelson's testimony is, that Mr. Cox did not point out the Anderson farm to him, but that he went to the house of a Mr. Smith, about two and one-half miles from Seward, and adjoining the Anderson farm, and Mr. Smith informed him that the Anderson farm was for sale; that he had seen the advertisement of it in his (Cox's) paper.    "I says, how long ago, and he said a little in last week's paper."    Nelson thereupon went to Mr. Anderson's house and bought his farm at $25 per acre. The court below rendered judgment in favor of the defend- ant in error.

The principal ground of error is, that the finding is against the weight of evidence.    The case is peculiarly one for a jury to pass upon, as the principal question is the credibility of the witnesses.

But if we exclude the testimony of the plaintiff and de- fendant, still the testimony of Mr. Nelson shows that he was informed that the land in question was for sale through the advertisement of Mr. Cox.    This was published at his own expense, and the testimony shows was the means by which the sale was effected.    This is not denied, and cer- tainly constitutes a strong equity in favor of Mr. Cox, whatever the contract may have been.    There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

The other judges concur.