J. H. McMURTRY, PLAINTIFF IN ERROR, V. J. T. MADI-
SON, DEFENDANT IN ERROR.

1. **Sale of Real Estate:** COMMISSION TO AGENT. In an action
to recover for the value of services as agent in selling real es-
tate, and there is testimony tending to show that the plaintiff
rendered some service, but did not effect a sale, an instruction
that if the jury believe that he rendered some service he is en-
titled to recover on a *quantum meruit* is not improper.

2. ———: ———. Where there was evidence tending to show
that the plaintiff rendered no services whatever in effecting a
sale of real estate, an instruction to the effect that if the jury
should so find the plaintiff would not be entitled to recover is
based upon evidence in the case, and is not inconsistent with
the first instruction.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

*J. A. Marshall*, for plaintiff in error.

*Snelling & Talbot*, for defendant in error.

MAXWELL, J.

This is an action brought by the plaintiff against the de-
fendant to recover certain commissions for the alleged sale
of 207 acres of land near Lincoln, in the spring of 1883.
The answer of the defendant admits that he was the owner
of the land in question at the time stated, and admits the
employment of the plaintiff, but denies all the other facts
stated in the petition. On the trial of the cause in the
court below the jury returned a verdict for $10.00 in favor
of the plaintiff, upon which judgment was rendered.
From this judgment the cause comes to this court on the
plaintiff's behalf upon a petition in error.

The testimony tends to show that in February, 1883,

the defendant being the owner of 207 acres of land a few miles from Lincoln, authorized the plaintiff to sell the same for $6,000, but at the same time reserved the right to sell the land himself if an opportunity offered. That about the 1st of March, 1883, the defendant being at the coal office of Hutchins & Hyatt, in Lincoln, informed one McRoberts, an employe of Hutchins & Co., that he desired to rent or sell his land, and promised to compensate him if he would find a purchaser. A few days after this conversation McRoberts and a Mr. Parker, the father-in-law of Mr. Hutchins, drove out to the farm of the defendant, and there seems to have been some conversation about renting the farm, but the defendant stated that he did not want to rent it, but preferred to sell. These persons informed Mr. Hutchins that the land was for sale, and seem to have induced him to examine the farm with a view to purchasing the same. When Hutchins was ready to drive out to the defendant's farm he called at the plaintiff's office and inquired for land for sale in the direction in which he was going. The plaintiff informed him that the defendant's land was for sale, also a farm near Raymond, and perhaps other lands. Hutchins, after several visits to the farm, completed the purchase with the defendant for the sum of $5,500. There is some testimony of not a very satisfactory character that the plaintiff was the means of inducing the defendant to abate the price asked for the land somewhat, and of persuading Hutchins to pay a greater price than he at first offered, thereby effecting a sale. But this is denied. The testimony of Mr. Hutchins upon that point is as follows:

Q. What did McMurtry do on that occasion? Did he simply give you the numbers of the farms around there?

A. Yes, I think probably he gave me the numbers. I remember that he gave me the numbers of the lands.

COURT. Did he give you the price on this Madison county farm?

McMurtry v. Madison.

A.   Yes, with other farms also.   Yes.

Q.   Do you remember what the price was that he gave you?

A.   He told me it could be bought for twenty-five dollars an acre.

Q.   Did you consummate the trade this time that you went up there, or subsequently?

A.   After.

Q.   You did not trade with him at that time?

A.   No, sir.

Q.   After you had looked at the farm and it suited you, then you began to negotiate with Madison for the sale of it?

A.   Yes.

Q.   When did you finally complete this sale, do you remember?

A.   Along in March some time.

Q.   Was that all that McMurtry did, simply gave you the numbers of this land and the price, when you went over to ask him about other lands?

A.   That is all that I recollect of.   I do not remember all of the conversation.   I did not stop but a moment.

On cross examination, in answer to a question in regard to a telephone message to the plaintiff, he stated: "I asked him if I was right in the price he gave me on that place." That was my object in telephoning him.

The testimony clearly shows that the plaintiff did not procure the purchaser, and that he did not effect a sale. The most that can be claimed is, that he acted as intermediary in carrying propositions from one to the other.   The plaintiff, therefore, in no event, would be entitled to full commissions for the sale.

It is claimed that the court confused the jury by the following instructions, which it is claimed are inconsistent:

"*Second.*   If you shall find that defendant employed plaintiff to assist in the sale of defendant's farm, and plain-

tiff did assist in the sale, even though plaintiff did not
wholly procure the purchaser, still, if plaintiff, at request
of defendant, assisted in procuring the sale, he is entitled
to what his services are reasonably worth, and your ver-
dict must be in favor of the plaintiff."

This is conceded by the plaintiff to be correct if the jury
should find that the plaintiff was entitled to recover on a
*quantum meruit.* And under the evidence he is entitled to
recover, if at all, only for the actual services rendered by
him.    It is alleged that the next instruction given is wholly
inconsistent with the above.·  It is as follows:   "The jury
are instructed that if you believe from the evidence that
the defendant employed the plaintiff to sell his farm and to
procure a purchaser thereof, and if you further believe from
the evidence that the purchaser, Hutchins, received his in-
formation which led to the purchase of said farm from
other parties than the plaintiff, and that plaintiff did not
procure the purchaser of said farm and the sale thereof,
than plaintiff cannot recover and you will find for defend-
ant."    The defendant in his evidence denies that the plain-
tiff performed any services for him whatever in selling the
farm, and in this he is corroborated to some extent by the
testimony of other witnesses.   If the jury believed this
evidence and not that on the part of the plaintiff, then the
plaintiff would not be entitled to recover.   The instruction,
therefore, was proper and the plaintiff has no cause of com-
plaint.   It is apparent that substantial justice has been
done and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.