WILLIAM ROGGENCAMP, APPELLANT, VS. WALTER M. SEELEY ET AL., APPELLEES.

Trial. In cases tried to a court without the intervention of a jury, the finding on questions of fact is entitled to the same respect in the supreme court on appeal as would be accorded to the verdict of a jury under like circumstances, and will not be interfered with unless clearly wrong.

ERROR to the district court for Lancaster county. Tried below before MITCHELL, J.

*L. C. Burr*, for appellant.

*Charles E. Magoon*, for appellees Kendall and Seeley.

*Harwood, Ames & Kelly*, for appellees Eggleston.

REESE, J.

This action is for the specific performance of a written contract for the sale of real estate and to set aside a certain deed executed by defendant Eggleston to defendants Seeley and Kendall. The real contest is as to the contents of the contract of purchase. Plaintiff embodied in his petition the contract, as he alleged it to be, and which was as follows:

"BENNETT, January 24th, 1884.

"This receipt is an acknowledgment that I have this day sold to William Roggencamp a part of the following described land for the sum of seven hundred dollars, and the said William Roggencamp has paid as part payment one-half part of said purchase money, $350, and that I will within sixty days from this date have the same surveyed and make a good and sufficient warranty deed upon the surrender of this paper and the payment of $350, all of that land (except 450 feet, 100 feet wide) four hundred and fifty feet east of the public road of J street, Bennett, said land more particularly described in deeds (W. D's.) from David Gray, trustee, to George W. Eggleston, made of date 2d day of January, 1884, and recorded January 18th, 1884, in the county clerk's office of Lancaster county, Nebraska, *and one not recorded.*"

It is alleged that at the time of the execution of this contract plaintiff entered into the possession of the property purchased, and has tendered the balance of the purchase price and demanded a deed from defendants Eggleston, but that they have refused to convey ; that on the 20th day of January, 1884, Eggleston bought the property from Gray, but that through a mistake the tract was omitted from the deed made by Gray and wife, but that it was understood and agreed between said Gray and Eggleston that the proper deed should be made within sixty days. On the 17th of March, 1884, Gray and wife, for the consideration of $1, deeded the land to Eggleston by quitclaim deed, and on the 4th of April, 1884, Eggleston, for the consideration of $1, deeded the land to defendants Seeley and Kendall, they having full knowledge of the plaintiff's rights to the premises. Seeley and Kendall have commenced an action for the possession of the land. An injunction and specific performance are prayed.

Eggleston answered, denying the execution of the contract declared upon in the petition, and alleged that on the

date specified in the petition he sold to the plaintiff certain real estate, and executed a contract therefor in writing. This alleged contract is exactly similar to the one set out in the petition, with the exception of the last clause, which is as follows:    "Said land more particularly described in deed (W. D.) from David Gray, trustee, to George W. Eggleston, made of date of second day of January, 1884, and recorded January 8th, 1884, in the county clerk's office of Lancaster county, Nebraska."

The difference between the terms of these alleged contracts is the omission of the letter "s" from the word "deeds," and from the letters "W. D.," and the words "one not recorded," from the contract as alleged by plaintiff, and which for convenience we italicize in copying the contract as claimed by plaintiff.

The second deed from Gray to Eggleston not having been executed at that time, it is claimed that the use of the word "deeds" in the plural, and the final words "and one not recorded," show that the whole of the land conveyed to Eggleston by Gray was included in the contract. The original contract which had been delivered to and left with plaintiff had been lost, and the action instituted upon a copy of the record, the contract having been recorded in the county clerk's office.

The question as to what the contract did really contain was the one important and controlling question in the case, as underlying all other issues involved.    If the contract was as claimed by defendant, then no further inquiry was necessary, for defendant has tendered a proper execution of the contract according to his version of it, and upon the payment of the deferred payment the deed will be delivered.    If the contract was as claimed by plaintiff then the question of the *bona fides* of defendants Seeley and Kendall might become the next important inquiry, as well as whether the same was with or without notice, either actual or constructive.

Upon the first question the finding of the court was directly and unequivocally against plaintiff and in favor of defendants. The first finding is a general one in favor of defendants. The second is, that on the day alleged defendant Eggleston entered into a written contract with plaintiff for the sale of certain land, and the contract made is embodied in the finding in the language as pleaded in defendant Eggleston's answer. The fourth is, "That said contract is the only contract ever entered into between said Eggleston and said Roggencamp concerning any of said lands mentioned in the pleadings in this action."

Applying to this case the well established rule of law repeatedly declared by this court, that the findings upon questions of fact in the trial court, whether by the court or a jury, will not be molested unless clearly wrong, we must refer to the testimony for the purpose of ascertaining whether or not there is sufficient to sustain the finding. Upon this we are met at the outset with the claim by plaintiff that the contract itself was lost and could not be exhibited to the court. This contract would doubtless have proven to be important evidence, for by a careful and critical examination of the instrument itself it might probably have been determined to a certainty whether the letters and words were added at the time of or after the execution.

Plaintiff testified that he could not read the contract, but that Mr. Rhea, the attorney who wrote it, read it over to him and it corresponded with the contract as he stated it, and as alleged in his petition, and that the words and letters referred to were in the contract when signed.

Mr. Rhea testified that he wrote the contract between the parties, that it was acknowledged before him by Eggleston and was delivered to plaintiff. Afterward plaintiff brought it to him to be sent to Lincoln for record, which he did. That the words and letters which Eggleston claimed were not in the contract were there when it was signed.

On the part of the defense Mr. Eggleston testified that at the time he signed the contract the word "deeds" was "deed," and the words "one not recorded" were not in it. That he did not acknowledge it, and at that time he had but one deed in his possession covering the property sold to plaintiff, and that one was from J. S. Gray. That it was at Mr. Rhea's office at the time the contract was made, and the description of the land was taken from it, and that there was never anything said about any other land. It seems to be conceded that Eggleston had but one deed at the time the contract was made, for Mr. Rhea testified that he wrote the words "one not recorded," because one deed was yet to come. There was some other testimony which seemed to corroborate the testimony and claim of plaintiff, while there were some circumstances which seemed to support the theory of the defense. The reason of the thing is, to the mind of the writer, with the theory of the defense. This contract was made January 24th. It is virtually conceded that Eggleston had but one deed. The contract, as contended for by plaintiff, refers for the description to deeds dated January 2d, 1884, and recorded January 18th, 1884, and one not recorded. One what? Evidently, if anything, one of the deeds dated January 2d, 1884. There is nothing in the contract which points to a deed not yet executed. Then would it be likely that a man would for the sum of $700 sell the land owned by him, and that which he was to get in his next deed from his grantor, without any description of the property? Such, it seems to us, would be a dangerous method of either selling or buying. Would it be likely that an attorney to whose skill was entrusted the writing of a contract of sale of real estate, would depend for his description upon a deed not yet executed? It would seem hardly probable. However honest the witnesses might be who testified in favor of the plaintiff, yet they might be mistaken. The witnesses were all before the court. The tes-

timony was conflicting. We cannot say the finding of the court upon this question was wrong. *Hartley v. Dorr*, 15 Neb., 451. *Newman v. Mueller*, 16 Id., 523. The finding of a jury upon the testimony here presented could not be set aside as against the weight of evidence. The decision of the court is entitled to the same respect. *Cheney v. Eberhardt*, 8 Neb., 423. *McLaughlin v. Sandusky*, 17 Id., 110.

The court having found that no such contract as claimed by plaintiff was executed, but that the contract was as claimed by defendant, and there being sufficient evidence to support that finding, it virtually disposes of the whole case and renders it unnecessary to examine the other questions presented.

The decision is therefore affirmed.

JUDGMENT AFFIRMED.

The other judges concur.