JOHN J. BUTLER, PLAINTIFF IN ERROR, V. THOMAS P. KENNARD, DEFENDANT IN ERROR.

|  |  |
|---|---|
| 23 | 357 |
| 40 | 134 |
| 23 | 357 |
| 58 | 783 |

**Commission on Sale of Real Estate.** Where the price of property and terms of payment are fixed by the seller, and a broker engages to procure a purchaser at this price and upon these terms, if, upon the procurement of the broker, a purchaser is produced with whom the seller himself negotiates and effects a sale, the broker is entitled to his commission. See *Potvin v. Curran,* 13 Neb., 302.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*I. W. Lansing,* for plaintiff in error, cited: *Lloyd v. Matthews,* 51 New York, 124. *Sussdorf v. Schmidt,* 55 Id., 319. *Potvin v. Curran,* 13 Neb., 303. *Anderson v. Cox,* 16 Id., 10. *Earp v. Cummings,* 54 Penn. State, 394. *Jones v. Adler,* 11 Am. Law. Reg., 53.

*E. P. Holmes,* for defendant in error, cited: *Wylie v. Marine National Bank,* 61 N. Y., 416.

REESE, CH. J.

This was an action brought by plaintiff in error against defendant in error, to recover the sum of $150 alleged to be due from him as commissions for negotiating the sale of certain real estate, owned by defendant. The case was tried to a jury, and resulted in a verdict in favor of defendant and a judgment against plaintiff for costs. Plaintiff alleges error, and brings the case into this court for review.

There was a direct conflict in the testimony upon the trial in the district court. The testimony of plaintiff is to the effect that, at the time stated by him, defendant placed the property in his hands as a real estate agent, to be sold

for the sum of $5,000, with a contract for commissions. in case the property was sold; that some time thereafter he showed the property to W. H. Stubblefield, and recommended its purchase upon the ground that the property was cheap and in reality the best bargain which he had to offer. Stubblefield afterwards purchased the property direct from defendant at the same price for which it was offered by plaintiff. Mr. Stubblefield also testified that his attention was called to the property by plaintiff, with the recommendation of the investment, and that the property was soon after purchased of defendant by him, he relying, as he testifies, to some extent, upon the judgment of plaintiff. These facts were denied by defendant, and it is shown, we think quite clearly, that at the time defendant sold the property to Stubblefield he did not know that negotiations had been entered into between plaintiff and Stubblefield.

Upon the trial the court gave to the jury the following instruction on its own motion, to the giving of which the plaintiff excepted:

"III.  If the defendant made the sale himself to the actual purchaser without knowledge that his agent, the plaintiff, was negotiating a sale, then your verdict should be in favor of defendant; for unless the agreement between the plaintiff, Butler, and defendant, Kennard, precluded defendant from making a sale himself while the property was in the hands of his agent, for sale, the defendant would have a right to make the sale in question without paying his agent a commission on the same. On the other hand, if you find that plaintiff actually made a sale of defendant's real estate, or was negotiating a sale, and had procured a purchaser for the property, and that defendant, with knowledge of such negotiations, took the matter out of his agent's hand, without notice to such agent, and closed the sale himself, then the plaintiff would be entitled to recover the value of his services, which would be the amount agreed to be paid by defendant as a commission upon a

sale if made upon the terms and conditions of the agreement between plaintiff and defendant."

In the giving of this instruction we think the district court erred. By it the jury are informed that, "If the defendant made the sale himself to the actual purchaser, without knowledge that his agent, plaintiff, was negotiating a sale," the verdict should be in favor of defendant. Defendant insists that the instruction, when properly understood and considered, simply means that defendant had not parted with his right to sell the real estate himself, and if he did so without the aid of the agent, the plaintiff would not be entitled to commissions. In our opinion it will not bear this construction. There is no doubt that in the hurry of the trial, the judge before whom the cause was tried failed to make the instruction as definite and concise as is his usual custom; and we think it is open to the objection contended for by plaintiff in error.

It is a well-established rule in this, as well as other states, that where a broker is employed to sell real estate, it is not necessary that the whole contract should be completed alone by him, in order to entitle him to his commission. But if, through his instrumentality, the purchaser and owner are brought in contact, and a sale is made through the instrumentality of the agent, he is entitled to his compensation; and this without reference to whether the owner, at the time the sale was perfected, had knowledge of the fact that he was making the sale, through such instrumentality. *Hartley v. Dorr*, 15 Neb., 451. *Anderson v. Cox*, 16 Id., 10. *Potvin v. Curran*, 13 Id., 302.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.