## JOHN T. HAMBLETON v. IRVIN A. FORT.

FILED MARCH 8, 1899.   No. 8795.

1. **Real Estate Agents:** COMMISSIONS.  Under a real estate broker's contract to find a purchaser it is not essential to his earning commissions that he literally bring the vendor and vendee together, or that he even inform the vendor of the identity of the proposed purchaser.  It is sufficient if by his influence on the mind of the vendee he be the efficient cause of the two assuming the relations of vendor and vendee.

2. ————: ————: QUANTUM MERUIT.  Evidence set forth in the opinion *held* sufficient to sustain a recovery by a broker on a *quantum meruit.*

3. **Exclusion of Testimony:** REVIEW: OFFER OF PROOF.  Exceptions to the exclusion of testimony are unavailing unless there be tender made of the proof which it was sought to elicit.

ERROR from the district court of Lincoln county.   Tried below before NEVILLE, J.   *Affirmed.* -

*French & Baldwin,* for plaintiff in error.

*Wilcox & Halligan, contra.*

IRVINE, C.

Fort sued Hambleton to recover $125 as commissions earned as real estate broker in procuring a purchaser for land owned by Hambleton in Lincoln county.   He recovered judgment for $96, and the defendant has brought the case to this court by proceedings in error.   The first question raised, and the principal one in the case, is the sufficiency of the evidence.   The contract as alleged was to find a purchaser or sell the land, but there is no proof

of authority to make a sale, and it is clear that plaintiff did not himself effect the sale, so the question is, did he perform such services in procuring a purchaser as entitled him to compensation? The evidence is conflicting, but taking it, as we must in view of the verdict, in the light favorable to plaintiff, it shows the following state of facts: For some years Fort had acted as the agent of Hambleton in paying the taxes on the land, and Hambleton had frequently written to him asking that he find some one who would buy, and communicate thereon. Fort had negotiated with several persons, and finally obtained an offer from one Dikeman for a portion of the land, but Hambleton rejected this offer. Fort undoubtedly directed Dikeman's attention to the land as open to purchase and first interested Dikeman in the matter. He did not, however, disclose Dikeman's name or identity to Hambleton. Hambleton went to North Platte and there met Dikeman, Fort not then intervening to bring them together, and through direct negotiations a sale was effected of a portion of the land. It seems that Hambleton had learned of Dikeman at his home in Des Moines through a former owner of the land who knew that Dikeman owned other land in the immediate vicinity and was able to purchase. Fort's services, then, consisted only in first directing the purchaser's attention to the land and securing his favorable interest. While the case is undoubtedly on the border-line, we think this was enough to sustain the verdict. The broker, it is often said, must be the procuring cause of the sale, but it is not held that he must be personally present when vendor and vendee meet, and introduce them, in the familiar sense of the word. It is enough if he be the cause of their coming together in the relation of vendor and vendee. They may meet by chance, and finally effect a sale, but if the broker be the means of putting the vendee's mind into the mood of purchasing, he certainly in that case procures the purchaser. It has accordingly been held that where the broker has rendered some service, he may

recover on a *quantum meruit*, although the sale was in the end effected by the unaided efforts of the owner,—unaided, that is, at the time of the sale (*McMurtry v. Madison*, 18 Neb. 291); also, that where a broker advertised the land and a stranger, seeing the advertisement, mentioned it to one who looked up the owner and purchased, this was sufficient (*Anderson v. Cox*, 16 Neb. 10). It is not then essential to the broker's right to compensation that he bring about directly the actual meeting, or that he even inform the vendor as to the prospective purchaser, provided his influence on the purchaser cause him to become such. This is recognized in *Burkholder v. Fonner*, 34 Neb. 1.

It is contended that in the light of the evidence as to the manner the sale was made there is no proof of the amount of recovery. The only direct testimony is that of the plaintiff, who was asked what were the usual and customary commissions for the sale of land in Lincoln county. The admission of the answer is assigned as error, but if it was erroneous at the time, the error was cured by the following question. The answer was "five per cent." Then he was asked what his services were reasonably worth in this transaction, and he answered, without objection, that they were worth "what the commission allows." The joint effect of the two answers is that his services in this particular matter were reasonably worth five per cent of the purchase-money. There could hardly be direct proof of the proportionate value of partial services. This must necessarily be left largely to the jury to find from all the circumstances. The recovery was within the direct evidence.

Complaint is made of the sustaining of objections to a number of questions propounded to witnesses by the defendant. As in no instance was a tender made of the evidence which it was sought to elicit, the exceptions on this ground are unavailing. This rule is established by a multitude of cases, to cite which would be useless.

The instructions are complained of chiefly because not

founded on the evidence. The discussion of the suffi-
ciency of the evidence has met the most serious objec-
tions made to the instructions. One or more were, taken
alone, inaccurate, but taken as a whole they fairly stated
the law of the case.

AFFIRMED.