## JOSIAH W. CRAIG V. FRED W. WEAD.

FILED JUNE 21, 1899.          No. 8941.

1. **Real Estate Agents: COMMISSIONS.** A real estate agent who has been instrumental in producing a purchaser for land listed with him for sale is entitled to his contract commission even though the owner of the property consummate the sale in ignorance of the services rendered by the agent.

2. ————: ————: **EXCESSIVE RECOVERY: REMITTITUR.** Evidence examined, and recovery *held* to be excessive.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Affirmed upon filing of remittitur.*

*Weaver & Giller,* for plaintiff in error.

*E. C. Page, contra.*

SULLIVAN, J.

Wead sued Craig to recover a broker's commission claimed to have been earned in negotiating a sale of a city lot. The jury found in favor of the plaintiff, and judgment having been rendered on the verdict the defendant brings the record here for review.

The principal contention is that the evidence does not warrant a recovery. We think it does. It is conceded that defendant owned the property and listed it with the plaintiff for sale. That a sale was effected and the lot conveyed to Thomas, who afterwards deeded it to Frank, is established beyond controversy. But it is denied that Wead did anything to bring about the sale, and it is also denied that Thomas was the real purchaser. The court charged the jury that there could be no recovery if Thomas bought the lot acting, not for himself, but as the agent of Frank and with the view of making a commission on the sale. Assuming for the purposes of the case that the instruction is a correct statement of the law appli-

Craig v. Wead.

cable to the facts disclosed on the trial, we proceed to
inquire whether the jury were justified in finding that
Thomas was himself the purchaser and not merely the
agent of Frank in the transaction.  The evidence, al-
though somewhat conflicting, tends to prove, and does
to our satisfaction show, that the plaintiff first brought
to the notice of Thomas the fact that the property was
for sale and that the owner's price was $4,400; that on
numerous occasions he talked to Thomas about buying
it; that Thomas, at the suggestion of Frank, and dealing
directly with Craig, bought the lot and gave in payment
therefor his own money and his own property; that
Thomas dealt with Craig instead of Wead, because he at
first hoped he would be able in so doing to secure better
terms; that before Thomas made the purchase he had
assurance from Frank that the latter would buy the lot
from him for $4,700.  These facts certainly show that
Thomas was the real purchaser; that he did not act in
the capacity of an agent; that he did not invest Frank's
money in the lot nor hold the title in trust for him.  The
requirements of the instruction were fully met by the
proof.  But it is said that the defendant dealt with
Thomas on the assumption that he was the agent of
Frank and that the agency of the plaintiff in producing
the purchaser was unknown at the time the bargain was
concluded.  This is true, but it is not material.  Accord-
ing to the rule established by the decisions of this court,
a real estate agent who has been instrumental in produc-
ing a purchaser is entitled to his contract commission
even though the sale be made by the owner of the prop-
erty in ignorance of the service rendered by his agent in
the matter.  (*Potvin v. Curran*, 13 Neb. 302; *Anderson v.
Cox*, 16 Neb. 10; *Butler v. Kennard*, 23 Neb. 357.)  In the
last mentioned case REESE, C. J., delivering the opinion,
said: "It is a well established rule in this, as well as
other states, that where a broker is employed to sell real
estate, it is not necessary that the whole contract should
be completed alone by him in order to entitle him to his

commission, but if through his. instrumentality the purchaser and owner are brought in contact and a sale is made through the instrumentality of the agent, he is entitled to his compensation, and this without reference to whether the owner, at the time the sale was perfected, had knowledge of the fact that he was making the sale through such instrumentality."

It is further contended on behalf of defendant that there should be a reversal of the judgment because the verdict is contrary to the second paragraph of the court's charge to the jury. It is argued that the instruction means that the plaintiff was not entitled to a finding in his favor unless it appeared that he had disclosed the purchaser to Craig before the sale was consummated. We think the language in question will not bear that construction, and it is evident the jury did not so understand it. The thought which the court intended to convey was afterwards expressed in these words: "If the plaintiff did obtain a purchaser, and if that purchaser, through the instrumentality of the plaintiff, was brought to the defendant, and if that purchaser was ready to pay the agreed price the defendant was to take for his lot, the plaintiff would be entitled to his commission whether the defendant sold the lot or not to the party."

The final contention that the recovery is excessive seems to be well grounded. Evidently, in the view of both Craig and Thomas, the real consideration paid for the lot was $4,400, and only upon this sum should the commission have been allowed. The judgment will be affirmed if there be filed in this court within thirty days a remittitur for the sum of $6.45; otherwise the judgment will be reversed.

JUDGMENT ACCORDINGLY.