### G. R. GILBERT, Appellant, v. M. F. McCULLOUGH.

**Agency:** COMMISSION CONTRACTS. An agent employed to procure a purchaser for land at a specified price may recover his commission where he was the efficient cause in procuring a purchaser at the price named, to whom the owner himself sold without a knowledge of what the agent had done, through a failure on the part of the agent to inform him; but the rule might be otherwise where the circumstances were such as to show that the agent concealed the identity of his proposed purchaser to whom the owner effected a sale.

**Same:** SALE BY OWNER: REVOCATION OF AGENT'S AUTHORITY. An owner employing an agent to procure a purchaser for his land and agreeing not to employ any other agent, reserves in himself the right to dispose of his property; and this right is not affected by the assistance of a third person in making a sale, provided the sale is consummated before the agent found a purchaser; as a sale so made would revoke the agent's authority.

**Same:** SALE BY OWNER: DUTY OF AGENT TO DISCLOSE HIS PURCHASER. Power to fix a price is incidental to an owner's reserved right to sell his land himself, and an agent who does not care to assume the risk of a sale by the owner to his prospective purchaser, on terms different from those specified in their contract of agency, is bound to disclose the name of his purchaser in submitting his proposition.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

THURSDAY, MARCH 10, 1910.

ACTION for commission resulted in a verdict being directed for defendant upon the introduction of evidence in behalf of plaintiff. Judgment was entered, accordingly, from which plaintiff appeals.—*Affirmed.*

*Martin Neilan,* for appellant.

*J. W. Hubbard,* for appellee.

LADD, J.—The defendant, though a resident of Dubuque, was owner of a lot in Sioux City, and, according to the evidence in behalf of plaintiff, entered into an agreement with him that, if the latter would find a purchaser therefor at the price of $2,800, he would employ no other agent and would pay him a commission. One Downey attended to defendant's business there, and to him everything was to be submitted. Plaintiff directed the attention of one Carver to the proposition and arranged to divide commission if the latter should find a purchaser. About December 1, 1905, Marshall Bros. offered Carver $2,700 for the property, and plaintiff submitted this to Downey, without disclosing the name of the proposed purchaser. After some delay, plaintiff was advised by Downey that the offer had been rejected by defendant, and that, in addition to the price at first asked, the expense of recent repairs, amounting to about $75, would have to be obtained for the lot, or $2,875. Subsequently, and about January 10, 1906, Marshall Bros. raised their offer to $2,800, and this was submitted to Downey again without disclosing the name. On February 28th of the same year, the defendant conveyed the property to Marshall Bros. at the consideration of $2,800 in pursuance of negotiations conducted by one Kneedler as agent. This was with Downey's knowledge, though neither he nor defendant are shown to have been aware that the grantees were the persons who had made the offer through plaintiff.

The question presented is whether, conceding the facts to be as recited, the plaintiff found a purchaser within the terms of his employment. In *Rounds v. Alee,* 116 Iowa, 345, an agent, having been employed to find a purchaser for land at a specified price, was held to be entitled to his commission if the efficient cause in procuring a purchaser, at

1. AGENCY: commission contracts.

the price named, to whom the principal sold, even though the principal knew nothing of what had been done; the agent not having had an opportunity of informing him. And this ruling is amply sustained by authority. *Lloyd v. Matthews,* 51 N. Y. 124; *Craig v. Wead,* 58 Neb. 782 (79 N. W. 718); *Hovey v. Aaron,* 132 Mo. App. 573 (113 S. W. 718); *Graves v. Bains,* 78 Tex. 92 (14 S. W. 256); 19 Cyc. 264. This case is to be distinguished from *Rounds v. Alee,* in that the sale was for a price less than that named to the agent, and, though the latter had submitted an offer equal to that received by the owner, he had withheld the name of the proposed purchaser. Had he submitted such name, there might be some question as to defendant's liability for the agents' commission, for the circumstance might be such that the owner might not avoid such liability by reducing the price to the customer furnished. *Stewart v. Mather,* 32 Wis. 344. By withholding the name of the purchaser proposed, the agent voluntarily kept from his principal the knowledge which would have enabled the latter to protect himself as well as the agent, and therefore the latter, rather than the principal, was at fault. Even though defendant may have agreed to employ no other agent, he retained the right himself to dispose of the property. *Ingold v. Symonds,* 125 Iowa, 82.

This right was not obviated by the circumstance that another may have assisted him in effecting the sale, providing it was consummated before the plaintiff found a purchaser, for the agency of the plaintiff was thereby revoked. *White v. Benton,* 121 Iowa, 354. Possibly the party having the exclusive agency might have a cause of action for damages flowing from the breach of contract in employing another agent; but no claim of that kind is made. The action is for commission earned, and not for damages because of the owner's lapse from his agreement

**2. SAME: sale by owner: revocation of agent's authority.**

in other respects. The sale was consummated by defendant prior to ascertaining that the purchaser was the same person as the one for whom the offer had been submitted. As that offer was $75 less than the price at which he was to procure a purchaser, he did not thereby so perform as to entitle him to a commission. *Ryan v. Page,* 134 Iowa, 60. And as the sale was at a less price or one not specified in the agency agreement and without knowledge that the purchaser was the person whose offer had been submitted by plaintiff, the defendant did not become liable to the latter for a commission. In *Boyd v. Watson,* 101 Iowa, 214, the price of the land for the sale of which the agency existed was not specified, and the court approved of an instruction that in these circumstances a sale to a customer of the agent without knowledge of that fact would not render the principal liable for the commission claimed was approved. The distinction between the above case and *Rounds v. Alee* is that, in the latter, the price was named, and the sale effected at such price, while, in *Boyd v. Watson,* the consideration was a matter of negotiation. See, also, *Blodgett v. Railway,* 63 Iowa, 606.

Power to fix the price is incident to the right retained by the owner to sell, and an agent necessarily must take this into account, and, unless he cares to assume the risk of a sale by the owner to a prospective purchaser on terms different than those specified, he must disclose such purchaser's name in submitting his proposition. Indeed, there is an element of bad faith in withholding this information from the principal, with whom the agent is required to deal with candor and fairness, and it must not be understood from the discussion that recovery might have been had, had the sale been at the price specified in the employment of plaintiff as agent. On that point no opinion is expressed.

3. SAME: sale by owner: duty of agent to disclose his purchaser.

We are content with the ruling of the district court, and the judgment is *affirmed*.