HENRY J. ALBERS, APPELLANT, v. GUY ZIEGLER, APPELLEE.

37 N. W. 2d 590

Filed May 19, 1949. No. 32606.

*Carl F. Benjamin* and *Howard V. Kanouff,* for appellant.

*Ernest S. Schiefelbein* and *Joseph L. Pallat,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Henry J. Albers brought this action in the district court for Saunders County against Guy Ziegler. The purpose of the action is to recover a real estate broker's commission in the sum of $1,250. The basis for recovery is the sale of a locker plant, ice, ice cream, and creamery

business located in Ashland, Nebraska, together with the real estate upon which the business is located. Upon trial a jury was waived. The trial court found for the defendant. The plaintiff appeals from the overruling of his motion for new trial.

With reference to the court's findings we most recently stated the applicable rule as follows: "The findings of a court in a law action have the effect of a verdict of a jury and will not be interfered with unless they are clearly wrong. The weight of evidence or credibility of witnesses is not a concern of this court in the review of such a case except to determine that the findings and judgment are supported by evidence and are not contrary to law. Barnhart v. Henderson, 147 Neb. 689, 24 N. W. 2d 854; State v. Neimer, 147 Neb. 284, 23 N. W. 2d 81." Foltz v. Brakhage, *ante* p. 216, 36 N. W. 2d 768. See, also, Gee v. City of Sutton, 149 Neb. 603, 31 N. W. 2d 747, and Bell v. Stedman, 88 Neb. 625, 130 N. W. 257.

The parties will be referred to as they appeared in the trial court.

The plaintiff was a licensed Nebraska real estate broker with his place of business located in Omaha, Nebraska. Defendant was the owner of a locker plant, ice, ice cream, and creamery business located in Ashland, Nebraska, together with the real estate upon which this business is located. This will be herein referred to as the business.

Defendant desired to sell this business. Commencing about the first of April 1945, he started to advertise that it was for sale. He advertised in many trade journals and numerous large daily newspapers. Most of these ads carried the name of the owner and location of the property. Although he had some prospects he did not find a satisfactory buyer and consequently did not make a sale of the property by the first of December of that year.

On December 1, 1945, defendant entered into an agency agreement with the plaintiff, listing this business for sale

on terms as therein stated. This agency agreement provided as follows: "The undersigned * * * in consideration of your agreement made with us to list and offer said property for sale, at your own expense, do hereby give and grant to you the sole and exclusive agency and right to sell and/or contract in our name to sell said property at the price and on the terms hereinafter stated, for the period of 60 (days) from the date hereof, * * * If during the contract period aforesaid we sell said premises directly, or through others, or if within twelve months after the expiration of this listing contract we make a sale of said premises to any one originating through your efforts or advertising done under this listing we agree to pay you the aforesaid commission."

On February 9, 1946, the defendant sold the business to Jack Fickler of Wayne, Nebraska, for the sum of $24,500. The purchaser took possession thereof on February 11, 1946.

As stated in 8 Am. Jur., Brokers, § 172, p. 1088: "When a broker is the procuring cause of a sale, is a question of considerable difficulty; in the main it is a question of fact for the jury, the decision in each case being dependent upon the particular facts and circumstances thereof."

We have said: "* * * where a broker is employed to sell real estate, it is not necessary that the whole contract should be completed alone by him, in order to entitle him to his commission. But if, through his instrumentality, the purchaser and owner are brought in contact, and a sale is made through the instrumentality of the agent, he is entitled to his compensation; and this without reference to whether the owner, at the time the sale was perfected, had knowledge of the fact that he was making the sale, through such instrumentality. Hartley v. Dorr, 15 Neb., 451. Anderson v. Cox, 16 Id., 10. Potvin v. Curran, 13 Id., 302." Butler v. Kennard, 23 Neb. 357, 36 N. W. 579.

"The broker, it is often said, must be the procuring cause of the sale, but it is not held that he must be

personally present when vendor and vendee meet, and introduce them, in the familiar sense of the word. It is enough if he be the cause of their coming together in the relation of vendor and vendee. They may meet by chance, and finally effect a sale, but if the broker be the means of putting the vendee's mind into the mood of purchasing, he certainly in that case procures the purchaser." Hambleton v. Fort, 58 Neb. 282, 78 N. W. 498.

"A real estate agent who has been instrumental in producing a purchaser for land listed with him for sale is entitled to his contract commission even though the owner of the property consummate the sale in ignorance of the services rendered by the agent." Craig v. Wead, 58 Neb. 782, 79 N. W. 718.

There is evidence in the record from which the court could have found that plaintiff ran a blind ad in the Omaha World Herald advertising this business for sale; that in the latter part of December 1945, Fickler, who was then living in Omaha, called the telephone number listed in the ad; that as a result of the call Fickler talked with plaintiff; that plaintiff informed Fickler of the location of the business; that Fickler had previously known of this business, its location, and that it was for sale; that he had not been interested therein prior to the call and did not become interested therein because of the call; that Fickler made the call while living in Omaha but subsequently moved back to Wayne; that after he returned to Wayne and not until after February 1, 1946, did Fickler become interested in this business; that on February 6, 1946, Fickler went to Ashland to investigate this business; that he took with him a Mr. McKibbon; that defendant did not know of Fickler or that he was interested in buying the business until he came to Ashland on that date; that Fickler returned to Ashland on February 7, 1946, and brought with him a Mr. Fuller, who was his financial backer; that on February 8, 1946, defendant went to Omaha to confer with Fickler and Fuller; that the deal was closed on February 9, 1946;

and that possession thereof was given on February 11, 1946.

Under these findings we do not think the plaintiff was the procuring cause of the sale for it does not appear that he started the negotiations which culminated in the sale of the business.

There is evidence in the record from which a contrary finding could be made but as already indicated this is a law action and not here for review de novo. The finding of the trial court finds support in the evidence and, not being clearly wrong, the judgment is affirmed.

AFFIRMED.