## BIGGERS *et al. vs.* OWEN *et al.**

An offer of a reward for the delivery to the sheriff of a county of a person guilty of a crime, is nothing' more than a proposition or offer to the public, and until some one complies with the terms and conditions thereof, it may be withdrawn. Where the plaintiffs arrested a woman and delivered her to the sheriff, and upon her committing trial before a magistrate, she was discharged for want of sufficient evidence to warrant her commitment, and thereupon the 'offer of a reward was withdrawn, even though one of the parties who made the offer told one of those who had made the arrest to go on, and that he would pay such person what his services were reasonably worth, and although a warrant for the same woman may have been subsequently obtained by the person making the offer and executed by the other party as a bailiff, and upon her trial she may have been convicted of the offence, this did not authorize a recovery of the reward offered; nor could a recovery be had on *quantum meruit*, in the absence of any pleadings for that purpose and of evidence as to the value of the services rendered and their nature. It was, therefore, error to charge that if the reward was offered, and the plaintiffs thereupon furnished evidence going to show that the woman was guilty of the crime, they would be entitled to recover the amount of the reward, and to refuse to charge to the contrary.

February 13, 1888.

Rewards.   Actions.   *Quantum Meruit.*   Pleadings. Before Judge INGRAM.   City Court of Columbus.   July Term, 1887.

Reported in the decision.

PEABODY, BRANNON & BATTLE, for plaintiffs in error.

HATCHER & PEABODY, for defendants.

BLANDFORD, Justice.

McMichael and Owens brought their action of *assumpsit* against B. A. Biggers, P. J. Biggers, Jr., and T. J. Pearce (the plaintiffs in error here) in the city court of Columbus, to recover a reward of $500, which they alleged had

*BLECKLEY, C. J., was providentially prevented from presiding in this case.

been offered by the defendants. The offer of reward was printed as an advertisement in a newspaper in Columbus, as follows:

" We will pay $500, the above reward, for the delivery to the sheriff of Muscogee county of the party or parties, with evidence to convict, who administered the poison in the meal which proved fatal to J. W. Biggers and J. F. Burgess and wife on the 11th of November."

Signed, B. A. BIGGERS, P. J. BIGGERS, JR., T. J. PEARCE.

Upon the trial of the case, the jury rendered a verdict in favor of the plaintiffs for the amount of the reward, $500.

It appeared from the evidence that when this reward was offered, the plaintiffs arrested a certain woman, and delivered her to the sheriff of Muscogee county ; that a committing trial was had before a justice of the peace and the woman discharged for the want of sufficient evidence to commit. The reward was then withdrawn; but McMichael testifies that after it was withdrawn, Pearce told him to go on, that he would pay him what his services were worth. After this, a warrant was sued out for the same woman by Mr. Pearce. McMichael, being a bailiff in the court, executed the warrant and arrested her. She was indicted for the poisoning, was tried and convicted. The judge in the court below charged the jury that if this reward was offered, and the plaintiffs thereupon furnished evidence going to show that this woman was guilty of the crime, they were entitled to recover the amount of the reward. The court was requested to charge that if, after this reward was offered, it was withdrawn before the plaintiffs performed the services contemplated by the reward, then no recovery could be had, under the declaration in this case. The court refused to give this in charge as requested, but charged to the contrary.

We think the court erred in declining to charge as requested, and in charging as he did. An offer of reward is nothing more than a proposition ; it is an offer to the pub-

lic; and until some one complies with the terms or conditions of that offer, it may be withdrawn. This is well-settled law, as to which there can be no dispute; and counsel in this case did not contend otherwise. When this offer of reward was withdrawn, and Pierce afterwards told McMichael to go on with the case, that he would pay him for his services, Pierce did not thereby become liable to pay him the amount of this reward, but only to pay him for the value of his services. And this is not an action upon a *quantum meruit* to recover the value of such services; but is an action to recover specifically the amount of this reward, $500. There was no evidence introduced in the court below to show what the value of the services were, and the record does not distinctly show what services were performed.

The court having erred in failing to charge as requested, and in charging the jury as above set out, we consider it unnecessary to say more about the case; and we therefore reverse the judgment.

Judgment reversed.