## NEWTON v. RITCHIE.

1. **Instructions:** NOT WARRANTED BY PLEADINGS: ERROR WITHOUT PREJUDICE. Plaintiff sought to recover upon a state of facts alleged in his petition. One of his witnesses, however, testified to another state of facts, and the court erroneously. instructed the jury as if both states of fact were in issue; but the instructions were such that the verdict for defendant necessarily implied a finding against plaintiff on both states of fact. *Held* that the error was without prejudice, and no ground for reversal.

2. **Real-Estate Broker:** ACTION FOR COMMISSION: EVIDENCE. In an action by a real-estate broker for his commission for procuring a purchaser for defendant's farm, evidence that the sale of the farm was brought about by the efforts of another agent was both competent and material on defendant's behalf.

*Appeal from Madison District Court.*--HON. O. B. AYRES, Judge.

FILED, SEPTEMBER 7, 1888.

PLAINTIFF is a real-estate broker. He brought this action to recover a commission for services which he alleges he performed for defendant in procuring a purchaser for a farm. There was a verdict and judgment for defendant. Plaintiff appeals.

*Ruby & Wilkin*, for appellant.

*Dabney & Guiher*, for appellee.

REED, J.—I. Plaintiff's claim, as made in the petition, is that defendant employed him to procure a purchaser for his farm, and that in pursuance of such employment he solicited one Thomas Simpson to enter into a negotiation with defendant, which resulted in a sale of the farm to him. On the trial he testified to an employment, substantially as alleged. But another witness

1. INSTRUCTIONS: not warranted by pleadings: error without prejudice.

introduced by him, one Ellis, who claimed to have been present at one time when the matter was under discussion by the parties, testified in effect that plaintiff's undertaking at that time was to effect a sale or exchange of the property. There was a substantial conflict, however, in the testimony as to whether there was any agreement whatever between the parties on the subject. At the request of plaintiff's attorneys, the court gave a number of instructions to the jury prepared by them, in which they were directed that he would be entitled to recover if he had proven the employment as alleged in the petition, and that he had rendered the service contemplated by the parties when they entered into the agreement. On its own motion, however, the court instructed, in effect, that plaintiff would be entitled to recover if the evidence showed that he was employed to effect a sale or exchange of the property, and that the sale to Simpson was accomplished through his efforts. It also gave the following instruction: "4. If, on the other hand, you find that defendant did not make any arrangement with the plaintiff, and did not place the land in controversy in plaintiff's hands for such sale or exchange, then you will find for the defendant, even if you find the plaintiff had something to do with the trade. * * *"

It was insisted by counsel that the judgment ought to be reversed, because (1) plaintiff did not claim upon any contract of employment for the sale or exchange of the property, and there was no issue under which that question arose; and (2) the instructions given by the court on its own motion are in conflict with those given on plaintiff's request. It must be admitted that the instructions submitted one question which does not arise under the pleadings, and that the usual effect of such practice will be to confuse and mislead the jury. Still, if it is clear that the jury have determined the very question upon which, under the pleadings, the rights of the parties depend, we will not reverse because of such error. The court, by the instructions given on plaintiff's motion, and by those given at its own

instance, preceding that set out above, had submitted both questions to the jury, and had told them that plaintiff would be entitled to recover if the evidence established an employment, either such as was alleged in the petition, or such as Ellis had testified to, and the rendition of the services thereunder. The fourth instruction is but the statement of the converse of that. Under it the verdict could be for defendant only in case neither state of facts was proven. The verdict then necessarily implies a finding against plaintiff, both as to the contract alleged in the petition and as to that testified to by Ellis.

II. The evidence without conflict shows that defendant traded the farm to Simpson, and that the trade was made after the time when plaintiff claims he was employed to procure a purchaser. Against plaintiff's objection, defendant was permitted to introduce testimony tending to prove that the trade was brought about by the efforts of another agent. The ruling of the court admitting that testimony is assigned as error. Under the issue, the burden was on plaintiff to prove that he procured Simpson to enter into the negotiation. The evidence objected to tended to prove that he was induced to enter into it, not by plaintiff, but by the other agent. The evidence was clearly both competent and material.

2. REAL-ESTATE broker: action for commission: evidence.

AFFIRMED.