## C. R. METCALF v. W. M. KENT, Appellant.

**Land Sale Commissions:** EXCLUSIVE BROKERAGE. A contract for sale of land giving the agent "exclusive right to sell" the farm described, on certain terms, and agreeing to a commission "in case the above described property is sold during the pendency of this contract, or to person whom second party finds, or secures as a customer, after the expiration of this contract, or if second party secures a purchaser who will purchase it on the above-mentioned terms," which is indorsed, "good until December 1, 1895," is a contract for exclusive right to sell, which gives a right to commission on any sale made within the time, and the question of whether or not the agent was instrumental in the sale actually made, is wholly immaterial.

**Release:** CONSIDERATION. The release of an existing indebtedness for commissions due under a mutual contract for sale of land is a new contract, and must be based on a consideration, and an oral statement by the agent that he claims no commission is not, therefore, sufficient to show release.

*Appeal from Sac District Court.*—HON. Z. A. CHURCH, Judge.

TUESDAY, JANUARY 25, 1898.

ACTION upon a written contract to recover commissions for the sale of real estate. Defendant answered, admitting the execution of the contract, and alleging that it was without consideration; that plaintiff failed to perform his part, and that a full settlement had been

made with plaintiff. At the conclusion of the evidence, the court, on a motion of the plaintiff, directed a verdict for plaintiff, for the amount claimed, and rendered judgment thereon. Defendant appeals.—*Affirmed.*

*M. R. McCrary* and *Brown McCrary* for appellant.

*C. R. Metcalf* and *I. S. Struble* for appellee.

GIVEN, J.—I. The written contract sued upon is as follows: Contract good until Dec. 1, '95. Contract to Sell Land. This agreement, made and entered into this eighth day of June, A. D., 1895, between W. M. Kent, party of the first part, and C. R. Metcalf, party of the second part, witnesseth: First party hereby gives second party the exclusive right to sell his farm, situated as follows: N. E. quarter of Sec. 26, and east one-half of the N. W. quarter of Sec. 26—87—35, Sac county, Iowa, and upon the following terms and conditions: Two thousand, five hundred dollars or three thousand dollars cash, balance in yearly payments on reasonable terms; and consisting of two hundred and forty acres, more or less; said land to be sold at $35.00 per acre, or a less price, or different terms, if first party shall take it; and the first party agrees to and with second party to pay him a commission at Sac City, Iowa, of $2\frac{1}{2}$ per cent. commission in case the above-described property is sold during the pendency of this contract, or to a person whom second party finds, shows the property to, or directs such person to said property or secures such person as a customer after the expiration of this contract, or if second party secures a purchaser who will purchase it on the above-mentioned terms. (Signed) C. R. Metcalf. W. M. Kent."

There is no dispute but that the plaintiff was engaged in finding purchasers for lands in Sac county, and that he included defendant's farm in cir-

culars and advertisement as among the lands in his hands for sale, and otherwise sought to find a purchaser therefor. It is also undisputed that between the eighth day of June and the first day of December, 1895, the defendant sold said farm to one J. M. Gregory for eight thousand, four hundred dollars. There is a dispute as to whether plaintiff was instrumental in procuring said Gregory as a purchaser, but, in the view we take of the contract and the time of the sale, this contention is immaterial. If the sale had not been made until after December 1, 1895, it would be otherwise. It was for the court to construe this contract, and it correctly construed it as giving to the plaintiff the exclusive right to sell the farm between its date and December 1, 1895, and as entitling plaintiff to the commission named on any sale that might be made of it between those dates. Thus construed, the plaintiff was entitled to recover on the undisputed facts, unless a settlement had been had. The consideration for the contract was that plaintiff would endeavor, as he did, to find a purchaser. By his efforts to find a purchaser, plaintiff performed his part of the contract, as applied to the sale made, whether he was instrumental in procuring Mr. Gregory to purchase or not.

II. As to the alleged settlement, the defendant testifies as follows: "I met Mr. Metcalf the day that I sold the farm after the contract was drawed up; met him in front of the First National Bank in Sac City; and I told him that I had sold my farm. 'Now,' I says, you had better come up, and give me up my contract.' He says: 'That don't amount to anything. I don't charge you any commission.' I says, 'All right, I will set up the cigars and call it square.' He says, 'That is all right, sir.' Mr. Tom Riddinough was present at this conversation. Since that time there has been no conversation between Mr. Metcalf and myself concerning this matter; nothing more than I

spoke to him here some time ago, after he had sued me, and I asked him what he had done it for, was all the conversation we had." Riddinough testifies: "Mr. Kent says to Mr. Metcalf, 'I sold my farm.' Mr. Metcalf says, 'Is that so?' and he says, 'Yes, and I thought I would get my contract.' Mr. Metcalf says: 'That contract is no account. I don't charge anything for it.' Mr. Kent pulled out a cigar, 'If that is all you charge, I will treat you and call it square.' Mr. Metcalf says, 'That is all right.'" We have seen that under the contract and the fact of the sale to Gregory defendant was liable to plaintiff for the commission named on the eight thousand four hundred dollars. Defendant's counsel contend that a consideration is not necessary to a release from the liability, citing *Stensgaard v. Smith*, 43 Minn. 11 (44 N. W. Rep. 669). Plaintiff's counsel contend that a consideration is necessary to sustain a release, citing *Whitehill v. Wilson*, 3 Pen. & W. 405, and *Shaw v. Pratt*, 22 Pick, 308. In the case of *Stensgaard v. Smith*, in the writing, signed by Smith alone, in consideration of plaintiff's agreeing to act as agent for the sale of the property, Smith gave him the exclusive sale of the property for three months, and agreed to pay a commission "for his services rendered in selling," etc. The court held that this was not a contract, for want of mutuality, but conferred a present authority to sell, revocable at any time before a sale was effected by plaintiff. In this case there was a mutuality, and hence a contract, irrevocable, except by consent of the parties. The cases cited by plaintiff's counsel sustain the claim that the release of an existing indebtedness is a new contract, and, to be binding, must be based upon a consideration. It is not seriously contended that the cigar was given or received as a consideration for the claimed release. Surely, such a trifle as that could not have been so intended. In determining whether the court erred in

ordering a verdict, we do not consider plaintiff's evidence denying that there was any settlement or release. Accepting the evidence for defendant as true, it fails to show any consideration for the alleged release. Therefore, though made as claimed, it is not binding, and is no bar to plaintiff's right to recover. There was no error in sustaining plaintiff's motion for a verdict, and the judgment is therefore AFFIRMED.