OTTO F. MONSON, Appellant, v. MATHIAS C. CARLSTROM.

**Appeal:** REVIEW OF INSTRUCTIONS: PRESUMPTION. Where the abstract on appeal contains none of the evidence, it will be presumed that the instructions which are a correct statement of the law had support in the evidence.

**Brokers:** RECOVERY OF COMMISSION: PROOF OF SERVICE. A broker cannot recover a commission for procuring a purchaser for property on proof simply that the purchaser overheard a conversation between the broker and another, thus learning that the property was for sale, and then without solicitation by the broker negotiated a purchase direct from the owner.

**Same:** INSTRUCTION. One who contracts to procure a purchaser for property is not required to show an actual sale to recover his commission, but when a sale was in fact made he must show that he procured the purchaser and was thus instrumental in effecting the sale; and an instruction to that effect is held not misleading as requiring the broker to show more than procurement of the purchaser.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

THURSDAY, FEBRUARY 11, 1909.

ACTION to recover a reasonable commission in the sum of $125, under contract for procuring the purchaser to whom defendant effected a sale of real property. The allegations of plaintiff's petition were denied, and there was a trial to a jury, resulting in a verdict for defendant. From the judgment entered on such verdict plaintiff appeals.—*Affirmed.*

*Andrew G. Lehr,* for appellant.

No appearance for appellee.

McClain, J.—No portion of the evidence is set out in the abstract, and the only questions presented for our consideration involve the correctness of the instructions. Plaintiff alleged that under a contract with defendant he procured, as purchasers for defendant's property, two persons named. The court instructed the jury that the contract between plaintiff and defendant was established without controversy, and that it appeared from the evidence that defendant had conveyed the property described in plaintiff's petition to one of the persons named by plaintiff; and the court then told the jury that, to entitle the plaintiff to recover a commission on account of such sale, he must prove that the person to whom the sale was made "was so procured, and induced to enter into negotiations and make such purchase, by and through the efforts and influence of plaintiff," and that it would not be sufficient for plaintiff merely to show that such person became aware that the property was for sale by overhearing some negotiations between the plaintiff and another person, to whom the plaintiff was endeavoring to make a sale. The court further instructed the jury that, if plaintiff entered into negotiations with both the persons named by him, and sought to induce them to purchase the property, and that as a result the one who did make such purchase was induced to enter into the negotiations which culminated in a sale of the property to him, then plaintiff was entitled to recover, but that plaintiff could not recover if such negotiations were with the one of the persons named who did not make the purchase, and that the one who did make the purchase was not a party thereto, and was not in any way solicited, advised or induced by the plaintiff to enter into negotiations with the defendant for the purchase of the property.

I. As appellant has failed to include the evidence,

or any portion thereof, in the abstract, we must assume that there was evidence justifying the giving of the instructions so far as they are correct expressions of the law; and, if under any state of facts they would have been correct, we must presume there was evidence of such facts on which to predicate them.

*1. APPEAL: review of instructions: presumptions.*

We are justified, therefore, in assuming that there was evidence tending to show that the only connection between plaintiff's act and the sale which was in fact made by defendant was that the person who became the purchaser, without any solicitation from the plaintiff or communication between him and the plaintiff on the subject, ascertained, by overhearing plaintiff's conversation with another, that defendant's property was for sale, and then proceeded on his own motion to enter into negotiations with defendant for its purchase. We are clear that under such a state of facts plaintiff would not be entitled to recover a commission for procuring a purchaser, and the instructions of the court were in this respect correct. The cases relied upon for appellant are not in point. In no one of them is it suggested that there had been no solicitation of the purchaser by the agent, or communication by the agent to the purchaser of the fact that the property was for sale. In the case before us we must presume there was .evidence tending to show that nothing which was done by the plaintiff had any proximate connection with the purchase of the property.

*2. BROKERS: recovery of commission: proof of service.*

II. Under the facts as recited in the instructions, and which we must presume to have been established without controversy, there was no error in saying that plaintiff must show that the actual purchaser was procured and induced to enter into negotiations and make the purchase through the efforts and influence of the plaintiff. It is true, as contended for appel-

*3. SAME: instruction.*

lant, that one who contracts for a commission for procuring a purchaser need not show that a sale was in fact made to the purchaser thus procured, but it appears here that a sale was in fact made, and the only question for the jury under the instructions was whether such purchaser was in fact procured by plaintiff. Under such a state of facts the instruction could not possibly have misled the jury into thinking that something more must be shown by plaintiff than the procurement of a purchaser. If he had established that fact, then under the instructions he would have been entitled to recover.

There seems to be no error in the instructions given, and the judgment is *affirmed*.