KRUSE & BISHOP v. WM. HAUSER, Appellant.

**Brokers:** COMMISSIONS: SALE BY THIRD PERSON.    A broker authorized by the owner to procure a purchaser for real estate is not entitled to a commission unless he was the procuring cause of the sale.    In this case the sale was made by a third person who learned that the farm was for sale by a casual conversation with one of the partners of the agency, but he was not aware that his informant was a partner and he made no express agreement

to act as a subagent. *Held,* that as the plaintiffs did not have the exclusive right of sale, and as the sale was effected by the third party acting independently of them, and not as subagent, plaintiffs were not entitled to a commission.

*Appeal from Linn District Court.*—HON. W. N. TREICH-LER, Judge.

SATURDAY, JANUARY 13, 1912.

SUIT to recover a broker's commission for procuring a purchaser for real estate. Verdict and judgment for plaintiffs. The defendant appeals. —*Reversed,* with directions to enter verdict.

*Voris & Haas,* for appellant.

*F. L. Anderson,* for appellees.

SHERWIN, J.—The defendant was the owner of a farm in Linn county, Iowa, which he wished to sell. He listed it with several agents, among whom was one of the plaintiffs herein, Kruse. He agreed with Kruse that he would pay him a dollar an acre if he found a purchaser for the farm, but also stated to him that the first man who brought a buyer would get the commission. This agreement with Kruse was made some time in August, 1909. Kruse was a real estate agent, who lived in Alburnett, where the defendant also lived. The plaintiff, Bishop, lived a little ways from Alburnett, and was a farmer, who had moved to Linn county from Illinois that spring. Jesse Hall was a farmer from Illinois, who lived some nine or ten miles from Alburnett. Hall and Bishop became acquainted after they both came to Linn county. About two weeks after they first met, Hall and his wife visited Bishop's family at their home near Alburnett. This visit was about September 12, 1909. During the visit, Bishop and Hall talked

about Iowa and Illinois lands, and Hall said that he wanted his brother-in-law, Moore, then living in Illinois, to buy land in Linn county, whereupon Bishop told him that the Hauser farm was for sale at $100 per acre, that it was a good farm and cheap, and that he had better write Moore about it. Bishop also told Hall at that time that Kruse had the farm for sale and if Moore came out to take him to Kruse. Soon thereafter, Hall personally inspected the defendant's farm, and then saw the defendant in Alburnett, and talked with him about the farm, price, and commission, and while in the defendant's house, he wrote to his brother-in-law, Moore, about the farm. Hall and Moore had some correspondence relative to the farm, and on October 6, 1909, Moore and his wife arrived at Hall's home. The next day Hall took them to see the defendant at his home in Alburnett, and, in company with defendant, they looked the farm over, and the next day Moore bought it. Hall never saw Kruse before the sale was made, nor did he know that Kruse and Bishop were partners in the real estate business.

Kruse & Bishop are not entitled to a commission from the defendant unless they were the efficient procuring cause of the sale. *Boyd v. Watson,* 101 Iowa, 214; *Hunn v. Ashton,* 121 Iowa, 265; *Monson v. Carlstrom,* 141 Iowa, 183; *Gilbert v. McCullough,* 146 Iowa, 333.

On no theory can it be said that these brokers were the efficient procuring cause, unless it be found that Hall was their subagent, and this for the reason that, if Hall acted independently of them, their rights were not invaded, because they did not have an exclusive agency. Hall could not become the subagent of the plaintiffs without an agreement on his part, and there is not a particle of evidence tending to show that he ever consented or agreed to so act. The mere fact that Bishop told him that Kruse had the land for sale is of no consequence. Hall went directly to Hauser and learned from him that Kruse did not

have an exclusive agency, and he was then at liberty to procure a purchaser on his own account. In other words, Bishop's statement to him that Kruse was an agent for the sale of the land did not make him a subagent of Kruse, or prevent him from earning a commission for himself. The case is, in principle, like *Monson v. Carlstrom, supra,* where the purchaser heard the agent say to another that certain property was for sale and went and bought it, and it was held that the broker was not entitled to a commission. This case is even stronger for the defendant than that, for here Hall did not himself buy, but furnished the purchaser in another. On the record, the plaintiffs were not entitled to recover, and the court should have sustained the motion for a directed verdict. The verdict should also have been set aside on motion for the reason that, under the third instruction given and the evidence, the plaintiffs were not entitled to a verdict.

The judgment is reversed, and the case remanded, with instructions to the trial court to render a judgment for the defendant in accordance with this opinion.—*Reversed and remanded.*