KNUDSON & RICHARDSON, Appellees, v. CHARLES LAURENT, Appellant.

**Agency:** COMMISSION CONTRACTS: BREACH: INSTRUCTION. There is a distinction between actions for the recovery of commissions earned and for damages because of the revocation of the agents authority; and where the action was for commissions, an instruction that if plaintiff was employed to sell the property defendant could not defeat recovery by a subsequent attempt to revoke the agency, and that if defendant was guilty of a breach of the contract plaintiff would be entitled to the amount he would have earned had defendant complied with the contract, was erroneous.

**Same:** REVOCATION OF AGENCY: ACTION FOR DAMAGES. Generally an agent's contract for the sale of property on commission may be revoked at any time before performance, unless coupled with an interest, which must be something more than the commission to be earned, and in case of revocation the agent's right is to recover for breach of the contract; and to recover on that ground he must plead the breach.

**Same:** COMMISSIONS: PRODUCTION OF PURCHASER: EVIDENCE. The evidence in this action is held insufficient to show that plaintiffs furnished a purchaser ready, able and willing to buy on the terms proposed, and was therefore not entitled to recover.

*Appeal from Wright District Court.*—HON. C. G. LEE, Judge.

MONDAY, MARCH 17, 1913.

ACTION to recover a commission for finding a purchaser, or for selling one hundred and twenty acres of defendant's land. The agency is denied by defendant, and he also denied that plaintiffs found a purchaser upon the terms agreed, and further pleaded that, before any purchaser was found, he (defendant) had concluded not to sell the land and had revoked plaintiffs' agency. Upon the issues joined, the case was tried to a jury, resulting in a verdict and judgment for plaintiffs, and defendant appeals.—*Reversed.*

*Sylvester Flynn,* for appellant.

*McGrath & Archerd,* for appellees.

DEEMER, J.—Plaintiffs allege, in substance, that defendant employed them to find a purchaser for one hundred and twenty acres of land at the price of $126 per acre, $1,000 of which was to be paid in cash at the time of the making of the contract, $3,000 or $4,000 to be paid March 1, 1912, and the balance to be paid in ten years and draw 5 per cent.; that they were to have $1 per acre as a commission; that, in pursuance of said agreement, they found one, ready, able and willing to take the land upon the terms proposed; and that by reason thereof defendant is indebted to them in the sum of $120 with interest. They amended their pleading several times, and in one of these amendments stated that defendant refused to enter into the contract, because he wanted all cash; and, in another, averred that they were to have a commission of all in excess of $125 per acre they could obtain for the land, and that they were to have thirty days within which to find the buyer, that they immediately commenced work under the contract, and within the thirty days found a purchaser, who was ready, able, and willing to purchase upon the terms agreed. Defendant, in effect, denies that he ever employed the plaintiffs as brokers to sell the land; denies that they ever found a purchaser for the land or made a

sale thereof; and further pleaded that, before plaintiffs had found a purchaser, and within a few days after his talk with plaintiffs, he revoked and rescinded the agency, and that whatever the plaintiffs did thereafter was without authority and void.

I.   Such being the issues, the case was tried on the theory that plaintiffs were employed as brokers for the sale of the land; that they found a purchaser, ready, able, and willing to buy the land on the terms proposed, at the agreed price of $126 per acre; that this purchaser was found within the thirty days; and that, as defendant refused to complete the sale, plaintiffs are entitled to their commission of $1 per acre for their service in finding a purchaser.   Plaintiffs made no claim to damages by reason of the revocation of the agency, but the trial court, nevertheless, gave the following instructions with reference thereto:

1. AGENCY: commission contracts: breach: instruction.

You will find that plaintiff accepted defendant's proposition to find a buyer for his farm, if you find that defendant told the plaintiff that he would sell his farm for $125 per acre net and allow them as their compensation the amount the farm brought over the sum of $125 and would give them thirty days in which to find a buyer, or told them that in substance, and you further find that they told him they would attempt to find a buyer within said time, or you further find that thereafter they with his knowledge or consent attempted to find him a buyer according to the terms specified by him, and if you find that they accepted his proposition and that it included the provision that they should have thirty days in which to find a buyer for said premises, then you are told that he could not defeat their right to recover in this case by a subsequent attempt to revoke said agency.   In other words, if a man enters into a valid contract and is guilty of a breach of such contract, then he is liable for the damages which result therefrom.   If you find that the defendant was guilty of a breach of contract as charged, and that plaintiff is entitled to recover, in this case the measure of his recovery will be the amount which it is shown by a

preponderance of the evidence they would have earned, had defendant complied with the terms of his contract, less 6 per cent interest on said amount from this date until the first day of March, 1912; that is, if you find for plaintiff, when you have determined the amount they would have earned, that is, the amount of profit they would have secured had the proposed deal been consummated, you will compute the interest on the same from this date until March 1, 1912, and subtract such interest from said amount, and the remainder will be the amount of your verdict in this case.

In thus instructing, we think there was error. There is a clear distinction between a case for the recovery of a commission earned, and one for damages caused by the revocation of an agent's or broker's authority.

As a rule, unless the agent's authority be coupled with an interest—which must be something more than the commission to be earned—it may be revoked at any time by the 2. SAME: revoca-  principal, and, even if the agent be given a tion of agency:  particular time within which to perform, the action for damages.  agency may be revoked before the broker has performed his contract, by finding the purchaser, although, under some circumstances, the principal may be liable for damages. In such cases, however, the action must be for damages for breach of contract, rather than upon the contract for the commission agreed to be paid. See *Gilbert v. McCullough,* 146 Iowa, 333; *Milligan v. Owen,* 123 Iowa, 285; *McLane v. Mauer,* 28 Tex. Civ. App. 75 (66 S. W. 693, 1108); *Brown v. Pforr,* 38 Cal. 553; *Plumb v. Campbell,* 129 Ill. 101, *Biggers v. Owen,* 79 Ga. 658 (5 S. E. 193.) In order to effectuate justice, a distinction is sometimes made between unilateral contracts and bilateral ones; but there is no claim or testimony in the case that the plaintiffs promised to do anything, in this case, to which the defendant could hold them. They were entitled to a commission, in the event they found a purchaser upon the terms proposed, and then only in such amount as exceeded the net sum, which defendant

fixed as his selling price. There was no counter promise on plaintiff's part, as in *Metcalf v. Kent,* 104 Iowa, 487; *Green v. Cole,* 127 Mo. 587 (30 S. W. 135); *Hartford v. McGillicuddy,* 103 Me. 224 (68 Atl. 860, 16 L. R. A. [N. S.] 431, 12 Ann. Cas. 1083), and other cases, and the contract or promise was revocable at pleasure.

But, if this were not true, plaintiffs could not recover damages for breach of contract, without pleading such breach and this they did not do.

II. Although the jury found especially that defendant offered to pay plaintiffs for finding a purchaser, substantially as charged, and that they did, in fact, find a buyer, who was ready, able and willing to buy upon the terms proposed, we are constrained to hold that the latter of these findings is without support in the testimony. It is true that plaintiffs had some talk or negotiations with one Reddick, about the purchase of the land, yet it appears that there never was any definite agreement between them, and it further appears that, without any authority from defendant, plaintiffs accepted a check from Reddick for the sum of $1,000 drawn upon a bank in which he had no funds, which they returned the next day; that they (plaintiffs) agreed to furnish an abstract showing a marketable title to the land, without any authority from defendant; and, without any authority, agreed that Reddick might make optional payments upon the sum, which was to run for the ten years. The negotiations did not culminate in any specific agreement, for Reddick was to go to Eagle Grove the next day to make a written contract of purchase, and this he never did. Certain taxes and assessments against the land were not agreed upon, and the land was at the time occupied by a tenant under a written lease for the year 1912, and no agreement was entered into regarding this lease, or what should be done with it. Under these circumstances, the buyer found was not shown to have been one ready, able, and willing to buy under the terms proposed

3. SAME: commissions: production of purchaser: evidence.

by the defendant, and, under all the authorities, plaintiffs were not entitled to recover on the theory that they had performed their contract. *Johnson v. Wright,* 124 Iowa, 61; *Hunt v. Tuttle,* 125 Iowa, 676; *Balkema v. Searle,* 116 Iowa, 374; *Gilbert v. Baxter,* 71 Iowa, 327; *Oliver v. Sattler,* 233 Ill. 536 (84 N. E. 652); *Dent v. Powell,* 93 Iowa, 711; *Ormsby v. Graham,* 123 Iowa, 202; *Watters v. Dancey,* 23 S. D. 481 (122 N. W. 430, 139 Am. St. Rep. 1071); *Smith v. Allen,* 101 Iowa, 608; *Naylor v. Butcher,* 93 Iowa, 340; *Greusel v. Dean,* 98 Iowa, 405; *Flynn v. Jordal,* 124 Iowa, 457.

These propositions are the controlling ones in the case, and it is not necessary to note the various propositions made by the respective parties on the various assignments of error made for appellant. Practically all are disposed of by what we have already said, and it follows that the judgment must be, and it is, *Reversed.*