O. P. McPIKE, Appellant, v. ROBERT SIVER, Appellee.

**BROKERS:** Exclusive Agency to Sell—Sale by Owner—Liability to
1 Agent. The right of the owner to sell his own property without liability to the agent for commission is implied in every contract of agency *unless expressly negatived.*

PRINCIPLE APPLIED: Contract in instant case gave plaintiff exclusive agency for 6 months and provided that the owner should not ''obstruct or prevent a sale'' of the property. *Held,*

not to "expressly negative" the implied right of the owner to sell, without liability for commission.

*Appeal from Cedar Rapids Superior Court.*—Hon. C. B. ROB-
BINS, Judge.

SATURDAY, DECEMBER 19, 1914.

ACTION to recover commission for sale of real estate. Demurrer to the petition was sustained. The plaintiff appeals. —*Affirmed.*

*Redmond & Stewart,* for appellant.

*E. C. Barber* and *Voris & Haas,* for appellee.

EVANS, J.—It appears from the petition that the defendant employed the plaintiff as real estate agent to sell his farm at an agreed commission of 2% on the selling price. The agency was exclusive for six months. Before the expiration of the time, the defendant himself sold his farm without any aid from the plaintiff. The plaintiff thereupon demanded the agreed commission. The petition is in three counts. It claims the sum of $410 as the commission agreed upon and claims the same amount as damages for breach of contract. The general grounds of the demurrer were that no cause of action was shown by the petition.

1. BROKERS : exclusive agency to sell : sale by owner : liability to agent.

The contract of agency was in writing. The contract contained the following: "I hereby give you the exclusive right to sell said property, except as hereinafter specified, and will pay you for your services a commission of 2% upon the price for which you may sell said property at the completion of the sale. In case you procure a purchaser for said property upon the terms above named, and I should refuse to convey, or could not give a full and complete title to said property, or if I should in any way obstruct or prevent a sale thereof, you are to be paid by me the same commission and allowance as if a

sale and conveyance was made.'' The claim for the appellant is that the sale by the defendant was a breach of the contract in that it operated to ''obstruct or prevent a sale thereof'' by the agent, and that the contract fixed the measure of damages in such case as the full amount of the proposed commission. By another count it is claimed that the plaintiff is entitled to recover upon the express provisions of the contract as such.

The contract being one of agency and nothing more, it was, of legal necessity, revocable at any time by either party. It does not necessarily follow, however, that there could be no liability thereunder of one party to the other in case of breach of the agreement relating to compensation. It is also the rule that the right of the owner to sell his own property is implied in every contract of agency unless expressly negatived. In *Ingold v. Symonds*, 125 Iowa 82, it was said:

''The right of an owner to sell his own property is an implied condition of every contract of agency and unless expressly negatived will prevail. The commission is payable only in case of the agent's finding a purchaser and the agent takes his chances on the owner himself making a sale. The only effect of such a contract as the one now before us is to forbid the owner from placing the property in the hands of any other agent. Under such a contract the owner has a right to sell the property himself without in any way violating his obligation to his agent.''

Counsel for appellant claim a distinction between the cited case and the case at bar. In the cited case the contract of agency was ''to find a purchaser,'' whereas in the case at bar the contract conferred upon the agent the ''exclusive right to sell.'' The contract being one of agency only and coupled with no interest, the right of revocation is precisely the same in one case as in the other; and the implied right of the principal to do for himself the thing which he had authorized his agent to do is as applicable to one case as to the other.

If in the Ingold case the principal, who had given to his

agent the exclusive right to *find a purchaser,* had nevertheless the implied right to find a purchaser himself, it follows logically that if he had conferred upon his agent the exclusive right *to sell,* he had the same implied right to sell the property himself. This implied right was not "expressly negatived" in the contract under consideration. It is urged by the plaintiff that it was negatived by the provision "if he should in any way obstruct or prevent a sale thereof." But this is only putting a construction upon the contract which is inconsistent with the implied right of sale, whereas the contract is readily capable of a construction consistent therewith. The quoted sentence is a requirement of good faith on the part of the principal; an assurance that he really wanted to sell and would accept a suitable purchaser when the agent produced him. The exercise of his implied right to sell his own farm involved no bad faith. He was in the market for that very purpose; it was to this end that he employed the plaintiff. Having conferred upon the agent an exclusive agency, the only stimulus available to the principal to quicken the diligence of the exclusive agent was the possibility that the principal himself might find the buyer first. So salutary is the rule of the implied reservation of right of the principal to sell his own land that no contract should be construed to its defeat if it will fairly bear a construction consistent therewith.

Special reliance is placed by plaintiff upon the case of *Metcalf v. Kent,* 104 Iowa 487. In that case the agent plaintiff was allowed to recover the stipulated commission. That was a case also of exclusive agency to sell. The principal expressly agreed to pay the commission "in case the above property is sold during the pendency of this contract." Such is not the provision of the case before us. On the contrary, in the case at bar the promise to pay a commission is expressly conditioned upon (1) a sale of the property by the agent, or (2) "in case you procure a purchaser for said property upon the terms above named."

We think that the case is ruled at all material points by

that of *Ingold v. Symonds, supra.* To the same effect see *Gilbert v. McCullough,* 146 Iowa 333; *Knudson v. Laurent,* 159 Iowa 189; *Turner v. Baker,* 225 Pa. 359; *Mott v. Ferguson,* 92 Minn. 201; *Dole v. Sherwood,* 41 Minn. 535.

The demurrer was properly sustained and the petition properly dismissed.

The order of the trial court is therefore—*Affirmed.*

LADD, C. J., WEAVER and PRESTON, JJ., concur.