R. S. THOMAS, Appellee, v. J. L. WYCKOFF et al., Appellants.

TRIAL: Evidence—Leading Question. A question to the purchaser of land as to whether the fact that the broker stated to him that he would not buy the farm because it was full of gullies and things of that kind led the purchaser to believe that he would not buy the place, was objectionable as leading.

EVIDENCE:    Relevancy, Materiality, and Competency—Reliance
upon Representations.   Various items of evidence reviewed, and
held admissible on the question of exclusive agency.

APPEAL AND ERROR:   Assignments of Error—Brief Points.   An
assignment of error as to the admission of evidence presented
by no brief point will not be considered on appeal.

APPEAL AND ERROR:   Review—Scope and Extent in General—
Question Raised for First Time on Appeal.   In an action for a
broker's commission on the sale of land, where the question
was involved that, though no exclusive agency be created, this
does not prevent the owner from selling personally, and where
there was tendered in the pleading by the plaintiff an exclusive
agency, as a basis for recovering the contract commission, and
no objection to the pleading which tendered these issues was
made, the defendant may not, after the plaintiff has prevailed
upon that plea, urge for the first time in the Supreme Court
that no recovery was due, even though that plea was proved.

TRIAL:   Instructions—Issues and Theories in General—Question Vol-
untarily Litigated.   The court has the right to instruct on a
question on which both parties have voluntarily introduced
evidence.

BROKERS:   Compensation—Inducing Cause.   A broker cannot re-
cover a commission for the sale of land, without showing that
he has been the main and moving cause of the sale.

BROKERS:   Compensation—Owner's Want of Knowledge of Sale by
Broker.   The right of a real estate broker to recover commis-
sion on the sale of land, where he was the inducing cause
thereof, is not defeated by reason of the fact that the owner
did not know, when he sold the land, that the broker had been
the main and efficient cause of inducing the purchaser to buy.

TRIAL:   Requested Instructions—Belated Amendment to Petition.
Where the plaintiff in an action for commission on sale of land
did not file an amendment which for the first time asserted
exclusive agency, until he was in the trial, and until about
four years after the filing of the original petition, it was error
to refuse a requested instruction that this was a circumstance
to be weighed, in connection with all the evidence.

BROKERS:   Compensation—Burden of Proof.   In a broker's action
for commission on the sale of land, it was error to instruct the
jury that the burden was on the defendant to prove that the
contract was other than the exclusive agency asserted by the

plaintiff, and to prove that someone other than the plaintiff had been the cause of the sale, the burden being on the plaintiff in these respects.

**BROKERS:** Compensation—Bad Faith of Agent. If a broker for the sale of land told the prospective purchaser of a farm that he would not want the defendant's land, and that it would be of no use to go and see it, as it was rough, he is not entitled to a commission therefor, even though the purchaser thereafter bought, through the efforts of some other person; and an instruction that the jury would be warranted, in such circumstances, in finding that the plaintiff was not the efficient and procuring or producing cause, and was not entitled to recover, was erroneous, in not stating that, in such event, the plaintiff *should* not recover.

**BROKERS:** Compensation—Inducing Cause of Sale. In a broker's action for commission on the sale of land, an instruction that, whether the existing agreement between the parties was exclusive or not, all the plaintiff was bound to do, to earn his commission, was to find and produce a purchaser ready, able, and willing to buy, was not objectionable as eliminating the element whether the agent was or was not the procuring cause.

**BROKERS:** Compensation—Conflicting Claims. Evidence reviewed, in an action by a broker for commission on the sale of land, and held sufficient to submit to the jury the question as to whether or not, when defendant made a payment of commission to a broker other than plaintiff, defendant knew that plaintiff claimed to have procured the buyer.

*Appeal from Wapello District Court.*—Francis M. Hunter, Judge.

Sᴇᴘᴛᴇᴍʙᴇʀ 26, 1919.

The plaintiff has verdict and judgment for a commission he claims to have earned in making or promoting the sale of a farm owned by appellant J. L. Wyckoff. Defendants appeal.—*Reversed.*

*A. W. Enoch,* for appellants.

*Jaques, Tisdale & Jaques,* for appellee.

SALINGER, J.—I. Lyons, the purchaser, was asked:

"The fact that Mr. Thomas stated to you that he would not buy the farm, it was full of gulleys, and things of that kind, led you to believe that you would not buy the place?"

This was objected to as leading, immaterial, and incompetent, and a question for the jury. The objection was sustained, and the ruling is assigned as error. It seems to us that the question was leading, and that we need not go beyond saying this in refusing to reverse upon this assignment.

1. TRIAL: evidence: leading question.

II. Lyons was asked:

"Well, then, there was not anything said or done by Mr. Thomas that induced you to buy this place, was there?"

Plaintiff objected that this called for a conclusion, was incompetent, and was a fact for the jury. The objection was sustained. This was error. While the testimony of the purchaser that he recognized a certain person as the agent and purchased through him is not conclusive, it is admissible. *Fenton v. Miller*, 153 Iowa 747, at 760; *Larson v. Thoma*, 143 Iowa 338, 344. And such testimony is fairly within the rule that one may testify directly on whether he did or did not rely or was or was not moved to act by a representation made to him.

2. EVIDENCE: relevancy, materiality, and competency: reliance upon representations.

Defendant said:

"I said the man that completed the sale was the man that got the commission. Told them all the same. They would all testify to it if they would let them." Counsel for plaintiff then said: "Move to strike out the latter part of the answer as incompetent, irrelevant, and immaterial."

The objection was sustained. It should have been overruled.

III. Defendant testified he told plaintiff that he, defendant, had a farm he would sell at $125 cash; that he

would take $140 in trade or town property at $2,000 or
$3,000; that he had the farm in several different hands, and
that the man that sold got the commission; that whoever
completed the sale or trade, that was the man; that he had
tried several other men; that he had paid $500 commission
to Joe Dean; and that he never placed his farm with ex-
clusive right in "his" hands. Thereupon, plaintiff moved,
without stating any reason therefor, that "the answer" be
stricken out. This motion was sustained. Then the witness
was asked whether he had placed the sale of this property
in the hands of other real estate agents at the same time.
To this it was objected by plaintiff that it was immaterial
and irrelevant, "unless it is claimed that the agent was the
procuring cause of sale."

The assignment is that it was error to sustain ob-
jections to the question whether defendant had not told the
plaintiff that the lands were in the hands of Espy, Dean,
and other real estate agents, on the same terms on which
Watkins had it. There seems to be no such testimony, and
no such ruling. But the motion to strike is broad enough
to include the statement:

"And the man that sold got the commission. Whoever
completed the sale or trade, that was the man."

The motion stated no ground of objection. But hav-
ing been sustained, the ruling cannot be disturbed unless
there be no good reason for the ruling. The said stricken-
out testimony on part of defendant was a denial of plain-
tiff's allegation that he had an exclusive agency, and a con-
tradiction of the testimony of plaintiff in support of that
plea. It was error to sustain the motion to strike. Indeed,
the court at one time ruled that said plea admitted such
testimony as this.

IV. The witness Dean was asked whether or not he
had the farm in question in his hands for sale along in
1913, and whether or not he had it on condition, and with

knowledge that other real estate men, naming Espy for one, had it for sale also. Thereupon, the plaintiff objected that this was incompetent, immaterial, and irrelevant, and that there was no claim that Dean had anything to do with the purchase of the farm. At this point, counsel for defendant said:

"Defendant offers in evidence the testimony of H. N. Dean, J. E. Espy, and George Harkens, for the purpose of showing that they would testify that defendant J. L. Wyckoff had the farm in question in this case in their hands, and each had the knowledge that other agents had it for sale, and that said employment was not to be an exclusive agency. It is offered on the theory and under the pleadings in the case to show that no exclusive agency was entered into by plaintiff and defendant, or that he was the procuring cause of the sale for which he sues for commission."

The court then said:

"You are not claiming that either one of these other agents had anything to do with the sale?"

Counsel for defendant responded, "No." Then the court sustained said objection. We think the ruling was right. *Rounds v. Alee*, 116 Iowa 345, at 348. Neither *Newton v. Ritchie*, 75 Iowa 91, at 93, nor *McFarland v. Howell*, 162 Iowa 110, at 112, nor *Fenton v. Miller*, 153 Iowa 747, are to the contrary.

V. It is complained that the court erred in permitting the plaintiff to interrogate defendant as to the latter's running a gambling house, being convicted of a nuisance, selling liquor, gambling, and that it was 3. APPEAL AND ER-ROR: assignments of error: brief points. misconduct for counsel to attempt to show a plea of guilty in the same. We give this assignment no consideration, because no brief point presents it.

VI. Plaintiff attempted to elicit testimony which ap-

pellant says was hearsay, and we may assume that it was objectionable on that ground. But as plaintiff withdrew the question, there is nothing to complain of.

VII. Much argument is devoted to the claim that, though an exclusive agency be created, this will not prevent the owner from selling personally, notwithstanding.

There is no such holding as that in *Kruse*
**4. APPEAL AND ERROR : review : scope and extent in general : question raised for first time on appeal.**  *v. Hauser,* 153 Iowa 661, nor in *McPike v. Siver,* 168 Iowa 149. These decide, in effect, that such right of the owner subsists unless expressly negatived, and that the agent cannot prevail on some of the claims made in those cases, unless he did have the exclusive right to sell. In *Metcalf v. Kent,* 104 Iowa 487, that an exclusive agency can exist, is impliedly held, because recovery is allowed for the reason that there was an express agreement that a commission should be paid in any event, "in case the above-described property is sold during the pendency of this contract." In *Mitchell v. Hagge,* 178 Iowa 926, at 932, which appellant erroneously cites as *Palmer v. Wolfe,* it was said:

"Peters did not have an exclusive agency; and if he had, this did not deprive the owner of his right to sell to another."

The part of this pronouncement which the appellant stresses is pure dictum. It was unnecessary to decide what rights there existed under an exclusive agency, where it is found that no such agency was created. The real holding of the *Mitchell* case is that recovery under an exclusive agency, where the agent himself does not do the selling, is not to be had in some forms of action. For it is said further:

"This is not an action for damages on the part of the agent, but an attempt on the part of a supposed purchaser to cancel a contract made by another agent, which was accepted by the owner."

We may concede, for the sake of argument, that, on objection made to pleading, we would hold that, in a naked suit to recover commission upon express agreement to pay it, there could not be a recovery on the theory that an exclusive agency was created, and that damages equal to the reasonable value of the commission was due where the owner made a sale during the existence of an exclusive agency. But here, the plaintiff expressly tendered the exclusive agency as a basis for recovering the contract commission, and no objection to the pleading which tendered this issue was made. If it be the law now that this plea of exclusive agency did not entitle the plaintiff to the relief he demanded upon it, that was the law when plaintiff filed his amendment to petition asserting the exclusive agency as a basis for said relief. Under oft repeated decisions, the defendant may not, after the plaintiff prevailed upon that plea, urge here for the first time that no recovery was due even if that plea were proved.

VIII. Since there must be a reversal on other grounds, following many decisions in this court, we will not pass upon the complaint that it was error not to direct a verdict for the appellant, upon the evidence.

IX. It is argued that no commission was due because the plaintiff acted in bad faith in decrying the quality of plaintiff's land to the man who afterwards purchased it. There is no plea of estoppel; but the question seen s to have been voluntarily litigated, and was instructed on, and we will treat it as being for review. The defendant was not entitled to have a verdict directed on account of this conduct on part of the plaintiff, because there is a conflict on whether such conduct ever occurred. He is not entitled to have reversal because the court submitted that question to the jury: first, because, if error, it was an error in appellant's favor; and

5. TRIAL: instructions: issues and theories in general: question voluntarily litigated.

second, the parties having voluntarily put evidence on that question into the record, the court had the right to instruct upon it.

X. An instruction was refused which asked a charge, in effect, that there could be no recovery without evidence that plaintiff had been the main and moving cause of inducing the customer who purchased to meet with the owner and negotiate with him,— must be the main and inducing cause of the sale. Of course, this is good law, and the sole question is whether the essential thought of the offered instruction is not covered by those given. In Instruction 7, the court instructed that the plaintiff had the burden of showing the contract alleged by him, and that, while acting thereunder, he interested and produced Lyons as a prospective purchaser, notified defendant of the fact, and thereafter defendant sold to Lyons. In another instruction, the jury was told that, if it failed to find "that the plaintiff was the efficient and procuring cause of the production of Lyons as a prospective purchaser, and failed to find that it was through the efforts of plaintiff that Lyons was found and produced as a prospective purchaser," then plaintiff cannot recover. In still another instruction, the jury was told that, if someone other than plaintiff found Lyons as a purchaser, and Lyons was not found and produced by plaintiff, then plaintiff is not entitled to commission. In still another, if the jury found the sale "was the result of the efforts of someone other than plaintiff, * * * and failed to find that the sale to Lyons was made as a result of the efforts of plaintiff, then plaintiff is not entitled to recover." We are of opinion that the essence of the offer was fully covered in the charge given. This disposes of the refusal to give Instruction 7, to which all that has just been said, applies.

XI. It is complained that the court refused to give

6. BROKERS: compensation: inducing cause.

Instruction No. 1, offered. What has just been said in part disposes of that objection. But in this offered instruc-

7. BROKERS: compensation: owner's want of knowledge of sale by broker.

tion, a charge was prayed that, if the jury found that Lyons, the purchaser, and the defendant entered into contract, and that, at that time, defendant had no knowledge that plaintiff had ever seen Lyons concerning the purchase, or that he had been instrumental in bringing about such purchase, then the jury is to find that plaintiff was not the inducing cause of the sale, and verdict must be returned for defendant. In fewer words, if the defendant did not know, when he sold to Lyons, that plaintiff had been the main, efficient cause of inducing Lyons to buy, then plaintiff cannot recover a commission, even if plaintiff was the inducing cause. That is not the law. See Kelly v. Stone, 94 Iowa 316; Rounds v. Alee, 116 Iowa 345.

XII. The plaintiff did not file his amendment which for the first time asserted an exclusive agency until he was in trial, and it was not filed for about four years from the

8. TRIAL: requested instructions: belated amendment to petition.

time of filing the original petition. The court refused an instruction, in effect, that this was a circumstance to be weighed, in connection with all the evidence. The instruction should have been given. We find nothing in the charge that is the equivalent of such an instruction.

XIII. In Instruction 11, the jury was told that defendant asserted no exclusive agency was given; that the farm was listed with plaintiff on condition that there should

9. BROKERS: compensation: burden of proof.

be no commission unless plaintiff sold and exchanged the property on defendant's terms; and that it was placed, not only with plaintiff, but with other agents on the same terms; and that "the burden of proof is on the defendant to show by a preponderance such employment on said terms;" and, if the evidence satisfied the jury that Wat-

kins made the sale or brought Lyons and defendant together, and they consummated the sale, "then, in that event, your verdict shall be for the defendant." This was erroneous. The burden was on the plaintiff to show what his contract was, and that he had performed it. The defendant did not have the burden of proving that the contract was something other than what was asserted by plaintiff, nor the burden of proving that someone other than plaintiff had been the promoting cause of the sale.

XIV. In Instruction 12, the jury was told that, if plaintiff told the purchaser he would not want the land of the defendant, that there was no use to go and see it, and that it was rough, and cut up with gullies, and if, thereafter, Lyons none the less bought the farm, but through the efforts of someone other than plaintiff, "then you are warranted in finding that plaintiff was not the efficient and procuring or producing cause, and is not entitled to recover." This is an erroneous instruction. It should have been charged that, if the jury found the matters set forth, that, instead of being merely warranted in finding for defendant, it must, in that event, find for him. If the agent did these things, he was injuring, instead of promoting, the sale.

10. BROKERS: compensation: bad faith of agent.

XV. Instruction 16 charged that whether the listing agreement between the parties was exclusive or not, all plaintiff was bound to do to earn his commission was to find and produce a purchaser ready, able, and willing to purchase, on terms and conditions satisfactory to defendant. One exception taken is that this eliminates whether the agent was or was not the "procuring" cause. The objection is hypercritical. One who produces such purchaser certainly has procured him; and so the instruction

11. BROKERS: compensation: inducing cause of sale.

does not eliminate the procurement as a test, but includes it as a test.

The serious exception is the one against that part of the instruction which tells the jury the plaintiff may recover even though he had paid commissions to someone other than plaintiff, because "the defendant knew, when he paid Watkins, that the plaintiff claimed to have found and produced Lyons as a purchaser, and was claiming the commission accruing under the listing agreement on account of the sale of the lands to Lyons." As to this, the exception is that it usurped the province of the jury, because the jury could find from the evidence that defendant did not know of these claims on part of plaintiff at the time when he paid Watkins. Beyond all doubt, the jury could find that defendant did have this knowledge when he paid Watkins. The question is whether there is such absence of conflict as that the jury was bound so to find. The conflict, if it be one, is created by testimony of the defendant that he never had any knowledge, either directly or indirectly, from any source whatever, that Lyons had seen Thomas, until after the sale had been consummated; that defendant didn't know that plaintiff knew Lyons; that Watkins fetched Lyons to defendant; that plaintiff never spoke to defendant "about the trade in the least;" that plaintiff never told defendant that plaintiff had seen Lyons, or that he had a prospective buyer, or that he had ever shown the land to anyone; and, finally, that the first time plaintiff spoke to defendant about a commission:

12. BROKERS: compensation: conflicting claims.

"I thought he was joking. I expected Phil Watkins would want the commission. Then I found out that Thomas was in earnest. I told him I would not pay him anything, because he had not done anything."

It seems to us the jury could fairly find, from this testimony on part of the defendant, that he asserted he did

not know, when he paid Watkins, that plaintiff was mak-- ing any claims to this commission; and that, therefore, the court should have submitted whether or not such payment had been made with such knowledge, instead of peremptori- ly charging that this had been done.

XVI. After judgment on the verdict, the court, on mo- tion, added a judgment against the surety of defendant on delivery bond. In view of the reversal, complaint of this action will not be considered.

For the reasons stated, the judgment must be and is— *Reversed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.