HEDGES COMPANY, Appellant, v. J. J. SHANAHAN et al., Appellees.

**BROKERS:** Action for Compensation—Defenses—Sale by Owner. The fact that a broker's contract carries a provision to the effect that the broker shall have the *exclusive* agency for the sale of the land does not, in and of itself, negative the right of the owner himself to sell the land, without liability to the agent for a commission.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

DECEMBER 15, 1922.

REHEARING DENIED JUNE 22, 1923.

ACTION to recover a real estate commission under an exclusive sale contract. A demurrer to the plaintiff's petition was

sustained and plaintiff having elected to stand on its averments judgment for costs was entered. Plaintiff appeals.—*Affirmed.*

*W. J. Barngrover,* for appellant.

*Johnson, Donnelly & Lynch,* for appellees.

DE GRAFF, J.—Plaintiff predicates its right to recover a commission on a written contract for the exclusive agency for the sale of certain real estate. The petition states the cause of action in three counts: (1) the performance of the written contract (2) a breach of the contract and (3) on *quantum meruit.*

The facts of this case must be considered as alleged in plaintiff's petition, and the point in issue must be determined by the interpretation of the contract in suit. Does the written contract relied upon negative the implied right of the owner to sell the property without liability for commission? The contract reads as follows: "In consideration of Geo. T. Hedges & Co. accepting the agency for the property described on the reverse, I hereby give them the exclusive right to sell or exchange said property for the sum of $5,500 for 90 days from date, and thereafter until I shall have given said firm thirty days' notice of termination in writing; and I agree to pay them as commission the sum of seven per cent on the first thousand and three and one-half per cent on the remainder of the selling price or exchange value, in case it is sold by them or anyone else during period herein named; and I agree to furnish abstract showing good title.

In consideration of having given Geo. T. Hedges & Co. this exclusive agency, it is understood that they are to advertise and show property without any expense to me. Cedar Rapids, Iowa, Jan. 11, 1921

Owner Mrs. J. J. Shanahan."

It is clear that this contract gave the plaintiff an exclusive agency for the sale of a described parcel of real estate, but an exclusive agency does not *per se* prevent the owner from selling the real estate. The existence of a contract of exclusive agency in itself does not make the owner liable for the commission if he effectuates a sale. The language of the contract defining the limitations of the owner's rights must be and is controlling.

The right of an owner to sell his own property is an incident of the right of property and arises by implication in every contract of agency for sale unless the clear and unequivocal language of the contract negatives such right. It is a reserved right of the owner consonant with the theory of property and "no contract should be construed to its defeat if it will fairly bear a construction consistent therewith." *McPike v. Siver,* 168 Iowa 149; See, also, *Ingold v. Symonds,* 125 Iowa 82; *Mitchell v. Hagge,* 178 Iowa 926; *Roberts v. Harrington,* 168 Wis. 217 (169 N. W. 603, 10 A. L. R. 810); *Elsom v. Sanders,* (Wash.) 209 Pac. 842.

The contract in question fairly construed expresses an agreement that the owner shall employ no other selling agent and that the realtor shall have the only grant of power to sell that the owner will execute. The fundamental thought is the inhibition upon the owner to grant to "anyone else" the power to effect a sale. We will not deny to the owner his primary right when the language of a contract of agency of this nature is ambiguous. Unless the clear intendment of the contract is to negative his right of sale a court will recognize that right as existing.

Appellant relies upon *Metcalf v. Kent,* 104 Iowa 487 but this case is not controlling. A recovery was allowed for the reason that the contract was construed that a commission should be paid in any event. To differentiate the *Metcalf* case from the case at bar it is sufficient to compare the language of the two contracts. It was distinguished in *McPike v. Siver,* supra. Each case of this character must be bottomed upon the special language of the contract in suit with a careful regard to the controlling legal principle stated herein.

The defendant J. J. Shanahan was the husband of the owner of the real estate. He was not a principal in the main transaction nor was his wife his agent for any purpose. Therefore he was not liable on the contract.

The ruling of the trial court and the judgment entered is— *Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.